JOHN R. ELWOOD, Appellant, *v.* GEORGE S. GARDNER, Respondent.

Under the Code, an order of arrest may be obtained in two classes of cases : in those where the cause of action is identical with the cause of arrest, and in those where facts *dehors* the cause of action constitute the cause of arrest. In the latter class of cases, unless an order of arrest is obtained before judgment, no *ca. sa.* can issue; but if such order of arrest be obtained, and the defendant omits to move to set it aside, or fails in a motion so to do, he is concluded, after judgment, from questioning the right to an execution against his person.

In the former class, the defendant may contest the right to arrest upon a preliminary motion to set aside the order, or contest the alleged cause of action upon the trial itself, if at the trial the plaintiff is permitted to abandon his cause of action as alleged.

In an action brought by the plaintiff to recover damages sustained by him in consequence of the false and fraudulent representations of the defendant, his indorser as to the solvency of a maker by which he was induced to accept a note with defendant's indorsement, an order of arrest was obtained upon an affidavit setting forth the same facts as the complaint. At the trial the plaintiff, having abandoned his action for the fraud, and taken judgment against the defendant as indorser, merely issued execution against the person.—*Held*, that the defendant had a right, though failing, to set aside the order of arrest before judg-

ment, to have vacated the execution issued against the person of the defendant.

(Argued April 11th, and decided April 25th, 1871.)

APPEAL from an order of the General Term of the Supreme Court in the second judicial district, affirming an order at the Special Term, vacating an execution issued against the person of the defendant.

The plaintiff brought suit by a summons for relief, the complaint being in the form of an action for damages sustained by reason of alleged false representations made by the defendant to the plaintiff, as to the solvency of the maker of a promissory note, through which he was induced to take the note, the making of which by a third party, and the indorsement of the same by the defendant to the plaintiff were set out in the complaint. The defendant was arrested, on an order of arrest obtained upon an affidavit, identical in substance with the complaint. The defendant made no effort to set aside the order, but appeared on the trial, and asked that the question involving his liability to arrest be there contested. This the court denied, holding that such allegations were surplusage, and that the plaintiff was entitled to judgment, on proof alone of the defendant's liability on the note described in the complaint, and, on such proof being given, ordered judgment accordingly.

The defendant appealed to the General Term, where the judgment was affirmed. Executions were duly issued, first against the property, and subsequently against the person, of the defendant, and the defendant then moved, on affidavit, to set the latter aside on grounds and reasons no other than those existing at the time of the arrest. The plaintiff declined to introduce counter affidavits, and the court vacated the executions upon the proofs as presented by the defendant's papers. The plaintiff appealed to the General Term, where the order was affirmed; whereupon the plaintiff appealed to this court.

*John B. Elwood,* for the appellant, in person, insisted that motion should have been made before judgment. (Code, §§ 183, 204; *Barker* v. *Wheeler,* 23 How., 193; *Roberts* v. *Carter,* 17 id., 479; *S. C.,* 9 Abb., 106; *Lozee* v. *Carpenter,* 3 Abb., N. S., 309; *Atocin* v. *Garcia,* 24 How., 186; *Wood* v. *Henry,* 40 N. Y., 126–129; *Smith* v. *Knapp,* 30 id., 589; *Carnin* v. *Freeland,* 6 id., 560–564.)

*Edwin G. Davis,* for the respondent, insisted that Supreme Court had power to vacate the execution in this case. (*Pope* v. *Newcomb,* cited, 30 N. Y., 589; *Smith* v. *Knapp,* 30 N. Y., 581; 7 Hill, 182; *Humphrey* v. *Brown,* 17 How. Pr., 481.)

CHURCH, Ch. J.   This court, in *Smith* v. *Knapp* (30 N. Y., 581), held that, if a motion to set aside an order of arrest is not made before judgment, the defendant may be imprisoned on a *ca. sa.,* issued on the judgment.   But, if the judgment is recovered for a cause of action for which the defendant is not liable to arrest, he may then move to set aside the *ca. sa.,* or be discharged from imprisonment.   In that case, there were several causes of action set forth in the complaint, in some of which the defendant was liable to arrest, and in others not.   An order of arrest had been obtained in the former, and judgment was taken for a cause of action for which the defendant was not liable to arrest.   In such a case, it is manifest that the court should relieve a party from imprisonment; otherwise he might be imprisoned for a cause not authorized by law, through the form of procedure.

Section 179 authorizes the arrest of a defendant in certain *actions* specified in the act, of a tortious character, and also in actions on contract, when the defendant has been guilty of certain wrongful acts affecting the cause of action or the consideration.   Subdivision four reads as follows: " When the defendant has been guilty of a fraud in contracting the debt, or incurring the obligation, for which the action is brought, or in concealing or disposing of the property for the taking, detention or conversion of which the action is brought, or

when *the action is brought to recover damages for fraud or deceit.*" Section 288 declares that "no execution shall issue against the person of a judgment debtor, unless an order of arrest has been served as in this act provided, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by section 179."

An order of arrest may be obtained in both classes of cases; in those cases where the cause of action is identical with the cause of arrest, and in the actions where facts *dehors* the cause of action constitute the ground of arrest. In the latter class of cases, unless an order of arrest is obtained before judgment, no *ca. sa.* can issue.

This process is, in effect, prohibited by section 288, above quoted. In such cases, it is not necessary or proper to set forth the facts constituting the cause of arrest in the complaint, because they constitute no part of the cause of action, and are not relevant to it, and need not be proved on the trial. For instance, in an action upon contract to recover a debt, it would be improper to set forth that the defendant had been guilty of fraud in contracting the debt, or that he had disposed of his property with intent to defraud his creditors. It is only proper to state in a complaint the facts necessary to the cause of action. In such a case an order of arrest must be obtained before judgment to entitle the plaintiff to a *ca. sa.* If obtained, and not set aside before judgment, a *ca. sa.* may issue without any further order or direction of the court, and the defendant, if he seeks to avoid the effect of the order, can move to set it aside at any time before judgment; and if he omits to do so, or if he is unsuccessful in a motion to set it aside, he is concluded, after judgment, from questioning the binding effect of the order. But when the action is one which gives the plaintiff a right to an order of arrest, and the facts constituting it are identical with the facts constituting the cause of arrest, the defendant can contest the right to arrest upon a preliminary motion to set aside the order, and also contest the alleged cause of action, of course, upon the trial. In such a case it follows

that he is not concluded by the order or the decision upon the motion to set it aside, and he may omit to make the motion altogether, as the trial upon the alleged facts in the complaint will furnish an opportunity to contest the facts in a form preferable to that upon motion. If the trial of such an action results in favor of the plaintiff, the record is conclusive in favor of the right to issue a *ca. sa.*, and, if for the defendant, the order is of course discharged.

The meaning of the latter clause of section 288, providing that a defendant shall not be arrested unless the complaint contains a statement of facts showing one or more causes of arrest, required by section 179, is that the statement in the complaint must be of facts legitimately and properly in the complaint, such as are proper and necessary to be proved; or, in other words, such as constitute a cause of action for which a party may be arrested. It would be absurd, in an action on a promissory note, to allow a party, after judgment, to issue a *ca. sa.*, without having obtained an order of arrest, merely by incorporating into the complaint a statement of facts sufficient to have authorized the order upon a motion. Such facts have no legitimate place in a complaint, unless they are pertinent to the cause of action; and, if they are, they should be proved on the trial.

This was an action to recover damages for fraud and deceit, in obtaining money by false and fraudulent representations as to the pecuniary standing and credit of the makers of a note, and the pecuniary ability of the defendant, who indorsed and transferred it to the plaintiff. The complaint sets forth the representations, their falsity, that the party relied upon them, and then says, " that by reason of the false and fraudulent conduct, acts and representations on the part of the said defendant, the said plaintiff has sustained damages " to the amount of the note and interest, and fifty dollars costs, incurred in prosecuting the makers, and demands judgment therefor. It is true that facts in relation to the making, indorsement and transfer of the note are set out, but these are stated by way of inducement, and for the purpose of showing

the occasion and materiality of the representations. (*Townsend* v. *Hendricks*, 40 How., 143.)

There is no claim to recover upon the note, or against the defendant as indorser. On the contrary, it is claimed to recover fifty dollars more than the plaintiff would be entitled to against the defendant as indorser, and expressly for fraud. All the allegations of fraud in the complaint were improper, unless they constituted a cause of action for fraud and deceit. Besides, the summons was for relief, showing that the plaintiff intended not to commence an action upon the note; and the complaint shows conclusively that he carried out that intention. This was a case, therefore, where the defendant had a right to omit making a motion to set aside the order of arrest, and contest the facts upon the trial. He had every legal reason for regarding this as an action founded upon tort, which the plaintiff was bound to prove, and which he could contest upon the trial. It seems that at the trial the plaintiff abandoned his action for fraud, and the court allowed him to take judgment against the defendant as indorser of the note.

It is unnecessary to determine whether this was error or not as that question is not before us, but if it was not (and the plaintiff cannot question its correctness upon this motion), it must have been upon the ground that the complaint contained two causes of action; one upon contract, and the other for fraud; or that, under the liberal policy inaugurated by the Code, the plaintiff was entitled to winnow out from the complaint the facts stated by way of inducement, and reconstruct them into an action on contract, and recover thereon.

The case presented is this. The plaintiff commenced an action to recover damages for fraud and deceit, and procured an order of arrest, upon the identical facts constituting the cause of action, as set forth in the complaint. The defendant omitted to move to set aside the order of arrest, relying upon his procuring a discharge therefrom by defending the action and contesting the facts upon the trial. At the trial, the plaintiff abandoned his cause of action, and procured a

judgment upon contract, in an action for which the defendant was not liable to be arrested, except upon extrinsic facts to be proved by affidavit, and now claims that the defendant is concluded by the order of arrest in the same manner as though the action had been brought on the contract, and the order of arrest had been procured upon outside facts stated in an affidavit. This practice is too sharp, and whether intended or not, we can see that it might have operated as a fraud upon the defendant. If the action had been upon the note, as the recovery was, the defendant would have known that he could only contest the right to the order upon a motion to set it aside, but he had legal reasons for believing that he could do it at the trial. He was deprived of the right by the action of the plaintiff. The consequence may be to enable the plaintiff to imprison his debtor contrary to law, and to deprive him of the opportunity to contest his right to do so. It cannot be said that the defendant has lost the opportunity by his own laches. That would have been so, if the action and recovery had been for the same cause, but it was not negligent in the defendant to await the trial and meet the allegations of fraud upon which the order was obtained, in the forum to which the plaintiff had invited him. The power of the court below to relieve a party under such circumstances is undoubted, within the principle laid down in 30 N. Y., *supra*.

Imprisonment for debt is abolished except in certain specific cases, and if a party seeks to imprison his debtor, he must bring the case clearly within one of the enumerated exceptions, and prove it according to prescribed practice.

The order must be affirmed.

All the judges concurring, order affirmed.