Monell, J.
It is claimed in support of the execution in this case, that the complaint contains a statement of facts showing one of the causes of arrest required by section 179 of the Code, and is, therefore, within the provision contained in section’ 288.
The construction of the latter section is, that where the substantive cause of action is such that the defendant may be arrested, the complaint will necessarily state the facts essential to an arrest (Atocha v. Gracia, 15 Abb. Pr., 303). In other words, where the cause of the arrest is identical with the cause of action, the *202 complaint will necessarily state facts showing the defendant is liable to arrest (Wood v. Henry, 40 N. Y., 124). It is only "where the cause of arrest forms no proper part of the canse of action, arid cannot properly be stated in the complaint, that a preliminary order of arrest is required to secure an execution against the person after judgment (Elwood v. Gardner, 10 Abb. Pr. N. S., 238 ; S. C., 45 N. Y., 349).
If, therefore, the facts stated in the complaint in this case, as constituting the' cause of action, were such, that by themselves, the defendant was liable to arrest, then the execution was regular.
Section 197 of the Code provides that a defendant may be arrested in the following cases: (1.) In an action on a cause of action not arising out of contract, where, &c. (2.) In an action for the recovery of money received ... by an officer or agent of a corporation, ... in the course of his employment as such. ...
The cause of action stated in the complaint is precisely within this latter provision. It is for money received by the defendant, as the treasurer of the plaintiffs’ corporation, in the course of his employment as such treasurer; and the only questions litigated on the trial were, whether the money, which the defendant admitted he had received, belonged to the corporation, or was the property of the donors to the fund (see this case on appeal, 5 Robt., 100, and in court of appeals, 43 N. Y., 476). The latter court, in reversing a former judgment of this court, puts its decision wholly upon the ground, that the proofs established that the money was the property of the church, and had been received by the defendant as its treasurer. The gravamen of the action, therefore, was the alleged relation of officer to the corporation. If the defendant was such officer, and he received the plaintiffs’ money, he' was liable. The receipt of the money was conceded ; *203 but all liability was denied by the allegation that the defendant bad not received it as treasurer of the plaintiffs, or in the course of his employment as such, but as the custodian of the donors. That issue, therefore, became the essential part of the case, and no recovery could have been ha.d, without establishing that the money was the property of the church, and had been received by the defendant in his official character of treasurer. A simple action for money had and received could not have been maintained, because it was necessary to prove, and, therefore, to aver, that it was received by the defendant as the plaintiffs’ treasurer, and in the course of his employment as such.
This case is clearly distinguishable from Wood v. Henry (supra), so confidently relied upon by the defendant’s counsel.
In that case the allegations in the complaint were that the defendants were commission merchants ; that the plaintiff employed the defendants to sell certain merchandise upon commission; that the defendants sold the same and received payment therefor ; and that the bal- • anee of the sum received (after deducting commissions) became due and payable, but that no part has been paid. Ho order of arrest had been obtained, and judgment was taken by default.
The motion was to set aside an execution against the person.
The court admitted that when the cause of action is such that an order of arrest might be granted without proof of any extrinsic fact, an execution might > go against the person of course; and that it was only necessary where the cause of arrest was not identical with the cause of action, that a previous order should be obtained. It was further admitted that in some of the cases mentioned in section 179 of the Code the cause of arrest and of action are identical, and no previous order would be necessary. This is to be tested by the *204 statement of facts. If such statement shows one or more of the causes of arrest,. “ then the cause of action and of arrest are identical,” and the judgment establishes conclusively a liability to arrest, and execution against the person follows. But the court holds, in effect, that the allegations in the complaint, of a liability of the defendants, created while acting in a fiduciary capacity, formed no necessary or even proper part of the cause of action. The debt was the gravamen of the action, and not the breach of trust. The court say, the defendants may not be able to deny that they owed the money, or that the indebtedness was the receipt of moneys arising from the sale of the plaintiff’s goods. “And yet they may be quite able to show, that they were not commission merchants, or that the circumstances under which they acted did not establish any fiduciary relation between them and the plaintiffs, but the relation of debtor and creditor- merely.” In this view, no possible defense could have changed the result. Admitting the debt, the defendants could not demand a trial to determine whether the relations were of a fiduciary nature, when there must necessarily have been a judgment for the debt.
Where, therefore, the debt is the gravamen of the action, and not the circumstances under which it was created, it becomes a necessary part of the complaint to state the relation of the parties, only for the purpose of obtaining an order of arrest.
This, of course, has no effect upon the cases where the cause of arrest is a necessary .part of the cause of action. In these cases, the issue to be tried involves and includes the very facts upon which the arrest depends, and must be determined in the trial of the issue ; and if determined against the defendant, it brings the case directly within the construction of the latter part of section 288 of the Code, authorizing an execution against the person where “ the complaint contains a *205 statement of facts, showing one or more of the canses of arrest, required by section 179,”. namely, that such facts must constitute the gravamen of the action.
The decision in Wood v. Henry would seem to be difficult of reconciliation with the letter of the statute. The defendant may be arrested (1) in an action for the recovery of damages on a cause of action not arising out of contract, &c. ; and (2) in an action for money received ... by any factor ... or other person in a fiduciary capacity. . .” It is true, as the court say, the action is for the recovery of money, but it is to recover it of a person who received it in a fiduciary capacity ; and are not, therefore, the relations of the parties, a part of the cause of the action, as much so as are the allegations of fraud a part of the complaint, when the action is for fraud, although it was committed in contracting the debt, and the recovery can be only of the debt %
But, as a decision, it goes no further than to hold that when the deMis the substantial cause of action, all other allegations, although necessary for the purposes of a primary arrest, may, after judgment, be regarded as not forming any necessary or material part of the cause of action.
That case, therefore, is an authority upon such a state of facts only, and has no application to a case like the one now under consideration.
In the case of Elwood v. Gardner (supra), a more recent case than Wood v. Henry, a substantially similar construction is given to section 288.
In that case the action was for fraud in falsely representing the solvency of the maker of a promissory note of which the defendant was the indorser. An order of arrest had been obtained. On the trial the plaintiff abandoned the cause of action for the fraud and took judgment upon the liability as indorser. An execution against the person was set aside. The court *206 say, in substance* that if the plaintiff had not withdrawn his claim for fraud, and had succeeded, he would have been entitled to a personal execution as of course. But by withdrawing that cause of action, he left it a mere action on contract.
The meaning of the section, the court say, is, that the statement of facts must be of such as are proper and necessary to be proved. They must be pertinent to the cause of action. If they are not, then they are to be regarded as immaterial and improper.
The principle determined by this case is the same as was decided in Wood v. Henry, and this case fully establish the distinction which brings the present case within section 388.
The conclusion, therefore, is, that in this case the statement of the facts, as well as the issue, which were tried, brought it within the authority to issue an execution against the person of the defendant, notwithstanding no previous order of arrest had been obtained.
The motion to set aside the execution must be denied, with costs.