[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 158 
The substantive averments of the complaint were established by undisputed evidence, and there was no question for the jury. The facts alleged and proved by the plaintiff were not controverted by the defendant, and there was no request to submit any question of fact to the jury, or any suggestion that there was any material fact in controversy which should be submitted to the jury, for their determination.
The action was in assumpsit for the non-delivery of a certificate *Page 159 
for certain shares of the capital stock of a mining corporation, of which the defendant was secretary and treasurer. The promise of the defendant was proved as alleged in the complaint, and the payment by the plaintiff of the consideration for the transfer, to the amount for which a recovery was had, as well as a refusal by the defendant to perform the agreement on his part. This entitled the plaintiff to the verdict as ordered, unless some of the objections taken by the defendant are tenable. The only difficulties, and the only material exceptions taken upon the trial, grew out of the fact that much irrelevant and redundant matter is incorporated in the complaint. The summons is not in the form prescribed in actions upon contract, and the plaintiff has inserted in his complaint, in addition to the demand for judgment for the specific sum to which he was entitled upon the contract, a demand to recover some other or different sum by way of indemnity for some undefined consequential damages, resulting from the frauds alleged.
The plaintiff has stated facts constituting a cause of action upon contract; but mingled with the allegations of those facts, and running through the complaint, are divers statements of fraud and fraudulent statements and representations of the defendant, made, as alleged, as inducements to the plaintiff to enter into the agreement. It may be assumed that the allegations and statements of fraud on the part of the defendant in making the contract, embodied in an affidavit, would have justified an order of arrest, under section 179 of the Code of Procedure, upon the ground that the obligation of the defendant was incurred by fraud. But they were foreign to the cause of action, and had no proper place in the complaint. They were not issuable, and could not have been tried in the action. They did not affect the right of the plaintiff to recover for the breach of the undertaking of the defendant, but, if true, were available only to the plaintiff, in a collateral proceeding, as entitling him to an order of arrest, and a remedy against the person of the defendant upon the judgment he might recover. The section of the Code authorizing *Page 160 
the arrest of a defendant in a pending action, for any one of the several causes mentioned in it, has, in connection with section 288, permitting and regulating the issue of executions against the person, received a construction by this court in Elwood v.Gardner (45 N.Y., 349). The allegations of fraud in this case are only material as giving a provisional remedy before judgment, or affecting the final remedy after judgment. Section 288 declares that no execution shall issue against the person of a judgment debtor unless an order of arrest has been served as in the act provided, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by section 179. Orders of arrest may be obtained, pursuant to section 179, for any one of many distinct causes, some of which are identical with the causes of action, as in actions for fines or penalties, on promises to marry, for money embezzled or fraudulently misapplied by a public officer, etc., while others are entirely dehors the cause of action, distinct from and collateral to it, as in the case before us, or when the defendant has removed or disposed of his property, or is about to do so, with a fraudulent intent. In the latter class of cases the existence or non-existence of the facts subjecting the defendant to an arrest, does not affect the cause of action or the right of the plaintiff to recover, while in the former the right of action depends upon the same facts that give the plaintiff the right to an order of arrest and subjects the defendant to imprisonment. It was said in Elwood v. Gardner (supra), and the statement was pertinent to the question then under consideration, that in an action like the present it would be improper to allege in the complaint that the defendant had been guilty of a fraud in incurring the obligation. The ruling was that such allegations were not relevant or pertinent in the statement of facts constituting the cause of action, and that only facts necessary to the cause of action should be stated in the complaint. The latter clause of section 288 giving an execution against the person, when the complaint states facts showing one or more of the causes of arrest under *Page 161 
section 179, was held only to apply to that class of cases in which the facts constituting a cause of arrest were necessary elements in the cause of action. As the allegations of fraud in the case before us did not affect or give the cause of action, and could not of themselves affect the remedy, they were wholly irrelevant and were not triable in the action. This disposes of the objection to the plaintiff's right of recovery that the allegations of fraud had not been proved. It was not a cause for a nonsuit.
It was also suggested, as a ground for a nonsuit, that the plaintiff's action was founded upon an attempt by him to obtain valuable shares of the stock of the company for an inadequate price, and in fraud of the other stockholders, he being a stockholder. It is quite probable that had he obtained the stock at the price agreed upon he would have paid for it as much, or more, than the majority of the stockholders; but be that as it may, the transaction and agreement was between the plaintiff and defendant individually, and not with the corporation, and there is nothing upon which to base the proposition that the agreement was unconscionable, on the part of the plaintiff, or a fraud upon the corporation or its members.
The evidence given by the president of the corporation, that to his knowledge there was no authority given by parol to the defendant to make the agreement, in behalf of the corporation, was competent. It was only in respect to parol authority that he was permitted to speak, and was not permitted to testify as to any authority that might have been conferred by resolution of the board of directors or in writing. It was not, upon the evidence given and in the absence of any claim by proof or otherwise, on the part of the defendant, that he acted in behalf of the corporation necessary for the plaintiff to give any evidence upon that subject, but to the evidence given there was no legal objection. The evidence did not affect the result.
The case was properly disposed of at Circuit, and the judgment must be affirmed. *Page 162 
All concur.
Judgment affirmed.