FRANKLIN W. PECK, APPELLANT, v. AARON F. ROOT, RESPONDENT.

*Action — what allegations in complaint show it to be in tort.*

Where the summons was for relief, and the complaint alleged that the defendant, with the intent to deceive and defraud the plaintiff by inducing him to take his (defendant's) note for $132 for money lent to him by plaintiff, falsely and fraudulently represented that he owned certain property, specifying it, by which representation plaintiff was induced to take the note; that it was not paid ; that the representation was false, was known to be so by the defendant, and was made with intent to deceive and defraud the plaintiff : *held*, that the action was in tort, and not on contract.

*Ross* v. *Mather* (51 N. Y., 108) followed.

APPEAL from a judgment entered upon the verdict of a jury. The case was tried at the Monroe Circuit, in March, 1875. The summons was for relief, and the complaint was as follows :

"The above named plaintiff, by Thomas and Dean, his attorneys, complains against Aaron F. Root, defendant in this action, and for a cause of complaint respectfully shows to this court, that on the 29th day of October, 1872, at Brockport, in said county, the said defendant, with intent to deceive and defraud this plaintiff by inducing the said plaintiff to take, receive and accept the promissory note of him, said defendant, for $132, money lent and advanced said defendant by said plaintiff, falsely, fraudulently represented to

him, said plaintiff: I am worth $12,000; I own three teams that I am going to take west, and I own the farm on which I now live, in my own name, and I am worth as much as I ever was; that this plaintiff, trusting, confiding in the truth of defendant's said representations, and relying upon the truth of the same, was induced to take and did receive the promissory note of said defendant, in the words and figures following, that is to say:

$132.                                    BROCKPORT, N. Y., *October 29th*, 1872.

Sixty days after date, I promise to pay to the order of F. W. Peck, or bearer, one hundred and thirty-two dollars, at the banking-house of J. D. Decker, Brockport, N. Y., value received, with interest.

No. 4,294.                                                    A. F. ROOT.

That said note was given for so much money theretofore lent and advanced by said plaintiff to defendant, and which he was ready and willing to pay said plaintiff, but defendant requested the further forbearance thereof for said sixty days as aforesaid, and that he would take said note as aforesaid, and said representations aforesaid were made by defendant as aforesaid for that purpose.

That plaintiff duly indorsed said note, and transferred the same to said banking-house aforesaid, where the same became due and payable, and the same was duly protested for non-payment; and plaintiff was compelled to and did pay and take up the same, and he is now the lawful holder and owner thereof, and the same is wholly unpaid, and defendant wholly refuses to pay the same.

That said representations were wholly false in each and every part thereof, and were well known to be so by said defendant at the time they were made, and were made with the intent of deceiving and defrauding said plaintiff, as aforesaid.

Wherefore, by reason of the premises, the plaintiff demands judgment against defendant for $132, with interest thereon from October 29th, 1872, with $1.57, fees of notary for protest, with costs of this action."

The answer was a general denial and a want of consideration for the note. On the trial evidence was given by plaintiff upon all the allegations of the complaint. The defendant admitted the debt and contested the other allegations. The court charged that, as the case stood, it was an action to recover for the fraud. To this the

plaintiff excepted, and asked the court to charge, that if the plaintiff failed to satisfy the jury of the alleged fraud, he was still entitled to recover for his debt, notwithstanding the allegations of fraud were in the complaint, and that they might be rejected as redundant and surplusage. The court refused to so charge, and plaintiff excepted. The jury found for defendant.

*Horace J. Thomas,* for the appellant.

*Angus McDonald,* for the respondent.

MERWIN, J.:

If the complaint in this action is in tort, the court below ruled correctly. (*Walter* v. *Bennett,* 16 N. Y., 250; *Degraw* v. *Elmore,* 50 id., 1.) It is established by authority, that when fraud is the basis of the complaint, there can be no recovery as for a breach of contract. Whatever doubt was thrown upon this proposition by the case of *Conaughty* v. *Nichols* (42 N. Y., 83), was removed by the case of *Ross* v. *Mather* (51 N. Y., 108). In the case of *Ledwich* v. *McKim* (53 N. Y., 308), which was an action to recover back the purchase-money of certain bonds, on the ground of failure of title, it is said that the presence of an averment of false representations would not make the action one *ex delicto,* the summons being for money. From the case, it is evident that the basis of the action was the breach of an implied warranty of title, and as it does not in terms, I shall assume it does not in fact, interfere with the proposition laid down in *Ross* v. *Mather.* The latter was an action to recover damages on the sale of a horse. The summons was for relief. The complaint alleged the sale; that on the sale the defendant warranted, and falsely and fraudulently represented, certain things as to the animal; that the plaintiff, relying on the warranty and representations, and believing them true, purchased the horse; that the defendant knew their falsity; that, by means of the premises, the defendant falsely and fraudulently deceived him, to his damage. The court, while admitting that the complaint contained all that was necessary to authorize a recovery upon contract, held that the gravamen of the action was fraud. This case is approved in *Dudley* v. *Scranton* (57 N. Y., 428).

In the present case the summons is for relief, thereby, as is said in

*Elwood* v. *Gardner* (45 N. Y., 349), by CHURCH, Ch. J. (p. 354), showing an intention not to commence an action upon the note.* The complaint alleges that the defendant, with intent to deceive and defraud the plaintiff, by inducing him to take his note for $132, money lent and advanced defendant by plaintiff, falsely and fraudulently represented he owned certain property, stating it; that plaintiff, relying on and believing these representations, was induced to and did take the note of defendant (describing it), and sets out the consideration, and that it is not paid; that the representations were false, and so known to defendant, and were made with intent to deceive and defraud plaintiff; that by reason of the premises, plaintiff demands judgment for $132 and interest.

It is clear to me that this complaint is framed so much like the one in *Ross* v. *Mather*, that the ruling in that case is in point here. Besides, the basis of the action was clearly in fraud, and so understood by the pleader, and by all parties, to the close of the trial. The allegations of fraud are the prominent and leading ones, and would naturally lead the defendant to treat it as an action for the fraud. Those were the sole issues tried. The plaintiff having chosen his ground, and the defendant having there met and beaten him, the plaintiff should not now be permitted to change his base. Pleadings are to be construed most strongly against the pleader. If the facts constituting a cause of arrest are not the same as those constituting the cause of action, they should not appear in the complaint. (1 Moak Pl. [3d ed.], 250, and cases cited.) If such facts are in the complaint, the pleader cannot find fault if we assume such facts are correctly pleaded there, as constituting his cause of action. It does not follow that the verdict here is in any way a bar to an action on the note.

The general objection taken by plaintiff to defendant's proving the consideration of the note, is not available to plaintiff here. That subject had been gone into by plaintiff, and the defendant had a right to rebut it.

Judgment should be affirmed.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

SMITH, P. J., dissented.

Judgment affirmed.

* See *Graves* v. *Waite*, 59 N. Y., 156. — [REP.