RICHARD TAYLOR, APPELLANT, v. CHARLES FAAS, RESPONDENT.

*Order of arrest for fraud — what allegations necessary in action on contract — Code of Civil Procedure, § 558.*

In an action upon contract it is not necessary to authorize the court to grant an order of arrest, on account of fraud in the contracting thereof, that the facts upon which such order is granted, should be stated in the complaint.

APPEAL from an order made at Special Term, setting aside an order of arrest.

*James L. Phelps* and *Charles J. Patterson*, for the appellant.

*W. T. Milliken*, for the respondent.

BARNARD, P. J.:

This is an appeal from an order setting aside an order of arrest. The cause of action is upon a contract. The complaint simply contains averments to sustain the action. The plaintiff, upon affidavits showing a fraudulent contraction of the debt, claimed in the complaint by the defendant, obtained an order of arrest. This order of arrest has been vacated upon motion upon the ground that by the provisions of section 558 of the Code of Civil Procedure, the complaint must contain averments showing the fraudulent contraction of the debt in question. The plaintiff has followed the practice established for many years, and that part of the section above cited which it is claimed changes this by established practice is as follows:

"But at any time after the filing or service of the complaint the order of arrest must be vacated on motion, if the complaint shows that the case is not one of those mentioned in section 549 or 550 of this act." Among the cases for arrest mentioned in section 550 is the present case, an action upon contract, when the debt was fraudulently contracted.

The first objection to the claim, made by defendant, that the averments of fraud should be stated in the complaint, is that the complaint does not show that the case is not one of those mentioned in section 550. It shows nothing in regard to it. The ordinary averments of facts showing an indebtedness upon contract from defendant to plaintiff is all it contained, and all it should contain. (Sec. 481 Code of Civil Procedure.) If allegations of fraud in the contraction of the debt were averred they need not be proven on the trial and could not be tried then. (*Graves* v. *Waite*, 59 N. Y., 156.) Such allegation in the complaint would be useless upon an application for an order of arrest. They would not be evidence, for the complaint need not be verified. The legislature could plainly have expressed a design to change the rule as to orders of arrest in cases upon contracts. The report of the Commissioners of Revision contained provisions

which seemed to require the grounds of arrest in cases like the present to be be stated in the complaint "by allegation extrinsic to the complaint." The legislature amended the sections by striking out all words which would seem to imply that any statement was needed in the complaint in actions upon contract, of the facts authorizing an order of arrest.

If the averments must be made in the complaint of the facts showing a fraudulent contraction of the debt, they should be proven to the sactisfaction of the court or jury upon the trial, to justify a recovery. The case would then be one where the plaintiff was entitled to an execution against the person from the nature of the action. By section 1487 of Code of Civil Procedure the plaintiff in that case would be entitled to no execution against the person unless an order of arrest had been obtained and not vacated. The legislature by this section recognized two different causes for execution against the person, one depending on the nature of the action, and one depending upon facts existing outside of the cause of action. If the defendant's claim prevails and the facts justifying an arrest in this case, should be averred and proven on the trial to the satisfaction of a jury, still no execution could issue against the defendant's body if no order of arrest had been procured before judgment. No reason therefore is apparent why a statement of the facts showing the fraud should be set forth in the complaint. We think the necessity for such statement is not implied by the section in question.

Order reversed with $10 costs and disbursements, and motion to vacate order of arrest denied with $10 costs.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Order reversed with costs and disbursements.