Brady, P. J.
Mary C. Coppinger, the judgment debtor, represented now by the plaintiff in this action, to secure the payment of $600 loaned to her by the defendants, pledged as security for the loan, certain goods, chattels and merchandise, and in carrying out the pledge executed a bill of sale, by virtue of which it is alleged the defendants took possession of, and converted the property. The intention of • the parties being, as alleged, that a chattel mortgage would be executed to secure the loan mentioned, this action was brought for the purpose of having the bill of sale, to which reference has been made, declared a mortgage.'
The complaint contained the necessary averments to present the facts on which the action was based, including the allegations that the instrument was executed as a chattel mortgage, and that the defendants, at the time it was executed, believed that it was for the purpose of securing the loan, and not to pass to any of the three defendants the title to the chattels absolutely. And further, that the defendants represented to Mary C. Coppinger, and Henry Coppinger, her husband, that the instrument by them to be executed was a chattel mortgage.
It is true there are also allegations that, relying upon these representations,. they were induced to, and did execute the instrument, and that the defendants knew the representations made by them were false and fraudulent at the time they were made.
The prayer is for a reformation of the bill of sale; that the goods be sold; "that the proceeds be applied to the payment and satisfaction of the defendants’ hen, and the surplus paid to the plaintiff; that the defendants account for all the goods and chattels so received by them from the Coppingers, and they or their proceeds delivered to the plaintiff.
The learned justice in the court below seems to have been controlled by the conviction that the plaintiff’s right to recover rested mainly upon the allegation of false representation, and dismissed the complaint for the reason that the charge made in that respect was not proved. This *510 appears from the record; for when the plaintiff rested, the defendant’s counsel moved to dismiss the complaint upon the ground that there was no proof to support the allegation of fraud upon which the action was based. The court granted the motion and the plaintiff duly excepted. The allegation of fraud, which was the last of the averments contained in the complaint, was not at all necessary to the success of the action. It was enough that a mistake or or error had been made in the form of the paper of which the parties were cognizant, and which the plaintiff sought to have declared to be what it was really intended to have been or should have been.
As we have seen, all the necessary allegations to that end had been made and the charge of fraud under very well settled" principles should have been disregarded as surplusage. The court undoubtedly had jurisdiction, and the facts without reference to that charge were sufficient to call its power into exercise. In Graves v. Waite (59 N. Y., 156) the court stated the rule applicable to this and kindred cases by saying: “The plaintiff has stated facts constituting a cause of action upon contract, but mingled with the allegation of these facts are statements of fraud and fraudulent statements and representations of the defendant made as an inducement to enter into the agreement. They are foreign to the cause of action, and have no place in the complaint and did not affect the right of the plaintiff to recover for the breach of the undertaking.
In the case of The German's Savings Bank v. Sharer . (25 Hun, 410), Judge Daniels said it was a well settled principle of courts of equity that when jurisdiction of an equitable sub j ect-matter had once been properly acquired, it would retained until a full and complete disposition of the controversy had been made, and that the relief sought was one of which equity has cognizance, there can be no question. Horn v. Keteltas, 46 N. Y., 606.
The learned counsel for the defendant evidently contended in the court below*, as he did upon the argument of this appeal, that the gravamen of the action was the fraud charged in respect to the bill of sale and the consequent illegal conversion of the goods on the assumption of title contending that judgment was demanded upon that theory. He insisted, in other words, that the complaint was for fraud and not upon contract, and cited the case of Barnes v. Quigley (59 N. Y., 267) to sustain that contention, asserting the further proposition that the Code never intended the prosecution of a party for fraud who had failed in the performance of his contract, or when fraud was the basis of the action a recovery could be had for a mere breach of *511 contract, citing a number of authorities to sustain this proposition.
This was the point which was urged and successfully. In the cases to which-he referred, selecting two as illustrations, namely, Barnes v. Quigley, supra, and Ross v. Mather, 51 N. Y., p. 110, it appeared that the complaints were for fraud and not upon contract. The court, in the first case, said: “The whole frame work is in fraud and the cause of action, as set forth, is based upon the false and fraudulent representations of the defendant by which the plaintiff was induced to surrender and give up to the defendant his promissory note.” And further, “while the court is liberal in disregarding technical defects and omissions in pleadings and in allowing amendments it does not permit a cause of actiono to be changed either because the plaintiff fails to prove the facts necessary to sustain it, or because he has mistaken his remedy, and the force and effect of allegations of the complaint.”
Here there was no mistake as to the cause of action; it was difficultly set forth independently of the charge of fraud, and there was no necessity to resort to that element in order to succeed. The theory upon which the case was tried was for these reasons an erroneous one and the rulings and decision of the learned justice presiding predicated if it were erroneous and the judgment must be reversed and a new trial ordered, with costs to abide the event
Bartlett and Daniels, JJ., concur.