ELLA D. SANDS, Appellant, *v.* HENRIETTA CHURCH and JOSEPH DRUM, Respondents.

CHARLES SHAFER, Appellant, *v.* HENRIETTA CHURCH and JOSEPH DRUM, Respondents.

EDWARD SHAFER, Appellant, *v.* HENRIETTA CHURCH and JOSEPH DRUM, Respondents.

*Champerty — the claim must be under a specific title — complaint in ejectment setting up a prior judgment recovered by defendant and alleging fraud — proof of fraud.*

In an action of ejectment an objection that the conveyance under which the plaintiff claims title is void for champerty, made on the ground that the property was at the time of such conveyance in the possession of the defendant, who claimed to hold it under a title adverse to that of the grantor of the plaintiff, is not well taken unless it appears that at the time of such alleged conveyance to the plaintiff the defendant was in possession of the premises, claiming under a specific title thereto.

Where the complaint alleges all the facts necessary to be stated in an action of ejectment, accompanied with allegations of fraud which are outside of such allegations as are necessary to the ejectment suit, a recovery may be had in ejectment, although there is no proof offered in support of the allegations of fraud.

Where a complaint alleges the facts necessary to sustain an action of ejectment and in addition thereto alleges that a third party, against whom judgment had been recovered in an action of ejectment brought by the defendant in the present action, under a complaint alleging that such third party was in possession of the premises, was not in fact in possession thereof and had conveyed his interest therein to the predecessor in title of the present plaintiff at the time of the bringing of such action, and that such judgment so obtained by the defendant against said third party was fraudulent, these allegations cannot properly be deemed a part of the cause of action or be taken advantage of by the defendant to establish affirmatively his defense thereto.

If, under such circumstances, the complaint could be deemed to assert two causes of action, one in ejectment and one to set aside the fraudulent judgment, a recovery could be properly had in the former, although the latter cause of action remained unproved.

APPEAL by the plaintiff in each of the above-entitled actions from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 22d day of October, 1892, after a trial at the Albany Circuit before the court and a jury, at which the complaint in each action was dismissed upon the plaintiffs' proofs.

The complaint was in ejectment, and among other things contained the following allegations :

"And plaintiff further shows, that on the 26th day of March, 1873, Ann Eve Shafer, for a good and valuable consideration, executed and delivered to George W. Quackenbush a warranty deed of said premises, which deed was duly recorded in Albany county clerk's office July 18, 1873, in book 265 of Deeds, on page 274. * * *

"And plaintiff further shows the court, that George W. Quackenbush, on the 5th day of May, 1875, duly executed and delivered a deed of said premises to Joseph I. Shultes ; that said Joseph I. Shultes died intestate subsequent to the date of said deed, leaving Arthur M. Shultes and Louisa M. Wright his children and only heirs at law.

"And plaintiff further shows the court, that on the 31st day of March, 1890, Arthur W. Shultes and Eugene Shultes, his wife and Louisa M. Wright, duly conveyed said premises to Ella D. Sand, Charles H. Shafer and Edwin Shafer, who are the children and only heirs at law of John W. Shafer, deceased.

" II. The plaintiff further complaining alleges and shows the court, upon information and belief, that prior to the 8th day of May, 1879, Walter S. Church, claiming to have some interest in and

to said premises, by fraud and collusion with one George W. Quackenbush attempted to gain possession of said premises and to cut off any reversionary interest which the plaintiff might have under said will, entered into an agreement with said George W. Quackenbush, by which an action in the Supreme Court of the State of New York was to be brought in favor of said defendant Walter S. Church and against said George W. Quackenbush, claiming that there was a large amount of rent in arrear; that said action was fraudulently commenced by the service of a summons upon said Quackenbush, and such proceedings were thereupon had that a judgment by default for the recovery of the possession of said premises together with $32.19 costs, was fraudulently entered and judgment fraudulently docketed in Albany county clerk's office on the 8th day of May, 1879; that a writ of possession was pretended to be issued by the sheriff of Albany county, September 9, 1879, and purporting to have been returned to said office June 5, 1889; that said writ of possession was never executed according to law, nor in fact, and the possession of said premises was never delivered to said Church under said writ.

" That at the time of the pretended service of said summons and entry of said judgment, and the pretended execution of said writ of possession, the said defendant George W. Quackenbush, in said judgment named, was not in possession of said premises and had no right, title or interest therein, he having on the 5th day of May, 1875, conveyed away said premises and his interest therein to Joseph I. Shultes as aforesaid, and plaintiff alleges that said action was brought by the defendant Church and judgment entered therein without the knowledge of this plaintiff, and a judgment by default obtained against said Quackenbush by fraud and collusion between said Church and Quackenbush, and to prejudice and cut off the reversionary interest of the plaintiff and in fraud of her rights.

"And the plaintiff further shows the court, that on or about the 10th day of March, 1881, the defendant Walter S. Church, to gain possession of said premises and the interest of Ann Eve Shafer, made and entered into the following contract or agreement. * * *

" III. And plaintiff alleges that she is the owner in fee of an undivided one-third part of said premises, and is entitled to the immediate possession thereof. That all the rent which has accrued

upon said premises has been fully paid and satisfied, but should any rent be found due and in arrear upon said premises, or any costs and charges legally incurred properly chargeable against said property, the plaintiff is willing and ready to pay the same and to perform all the agreements which ought to be performed by the first lessee in said lease, and the plaintiff is ready and willing to pay said rent and charges."

*W. Youmans,* for the appellant.

*Marcus T. Hun,* for the respondent Henrietta Church.

*William S. Dyer,* for the respondent Joseph Drum.

PUTNAM, J.:

These are actions in ejectment, each brought to recover an undivided one-third part of the premises described in the complaint.

On the trial plaintiffs established leasehold title to said lands, and it being admitted that defendants were in possession thereof, rested. A motion was then made by defendants for a nonsuit, which motion the court granted, plaintiffs duly excepting. Plaintiffs also asked to go to the jury on the questions of fact involved in the case. This motion was denied, and plaintiffs excepted.

One of the grounds urged by the defendants on the motion for a nonsuit, and upon this appeal to sustain the judgment, is that the conveyance from Arthur W. Shultes and others to plaintiffs on March 9, 1890, was void for champerty, as the property was then in possession of defendants, who claimed to hold it under a title adverse to that of said grantors.

After a careful examination of the evidence I am unable to believe that this position is well taken. The evidence does not show that Church claimed possession under any specific title. The complaint alleges that when the action against Quackenbush was commenced the latter had no title or interest in the demised premises, and was not in possession thereof. And that the writ of possession issued under the judgment in said action was never executed according to law, nor in fact, and the possession of said premises was never delivered to said Church under said writ. The complaint also alleges that Church entered into possession of said premises by virtue of an agreement with Ann E. Shafer set out in the complaint. There is

no allegation that Church was in possession of said premises under the judgment against Quackenbush when the premises were conveyed to plaintiffs. Nor does the evidence show any claim of a specific title adverse to that of plaintiffs' grantors by Church. The complaint does not aver nor does it appear what title, if any, Church claimed. Hence the deed to plaintiffs was not void under the Statute of Champerty. (See *Crary* v. *Goodman*, 22 N. Y. 170; *Dawley* v. *Brown*, 79 id. 396.)

The defendants also urge that the plaintiffs in their complaints allege a title to the premises in controversy in fee simple, and the proof shows their interest, if any, is a leasehold title. The complaints are somewhat indefinite and obscure, and had a motion been made by defendants for an order requiring them to be made more certain and definite I have no doubt such a motion would have prevailed. But no such motion was made and defendants entered upon the trial of the cases with the complaints as they are. I think it appears from the whole pleadings that the plaintiffs intended to allege a leasehold title. For instance, in stating the agreement between Church and Quackenbush they alleged that it was agreed that an action should be commenced on a claim that there was a large amount of rent in arrear; again, they state in the complaints, that all the rent which has accrued upon said premises has been fully paid and satisfied; that should rent be found due and in arrear, plaintiffs are ready to pay the same and to perform all the agreements which ought to be performed by the first lessee in said lease, and plaintiffs are ready and willing to pay said rent and charges. Plaintiffs in their complaints also ask that an accounting be had of the use and occupation of said premises, and that the same be set off against any rent and charges which may have accrued. I think, although defectively stated, the intent of the pleader in the complaints to allege a leasehold title in plaintiffs is apparent.

The defendants having entered upon the trial of the cases with the complaints as they are, with an indefinite, contradictory and obscure statement of title, I do not think that a nonsuit should have been granted, because it appeared upon the trial that plaintiffs' title was leasehold.

Had it alleged, however, an absolute fee in the plaintiffs and the proof had shown merely a leasehold title, I doubt whether the vari-

ance could be deemed material. In either case the plaintiffs were entitled to a judgment for the possession of the premises ; whether owners in fee or lessees, plaintiffs could recover the premises in suit. Such a variance should not be deemed material. (§§ 539, 540, Civil Code.) The complaint, if necessary, could be amended on appeal. (*Smith* v. *Long*, 12 Abb. N. C. 120.)

Defendants also claim that the judgment of nonsuit was properly rendered because the complaint sounded in tort and a recovery could not be had thereunder in ejectment.

The complaint, however, alleges all the facts necessary to be stated in an action of ejectment. That the plaintiffs are the owners of the premises in question and entitled to the immediate possession thereof, and the defendants are in occupation.

I incline to regard these cases more like those considered in *Graves* v. *Waite* (59 N. Y. 156); *Bell* v. *Merrifield* (109 id. 206); *Ross* v. *Terry* (63 id. 614), and kindred cases, than like *Barnes* v. *Quigley* (59 N. Y. 265); *Degraw* v. *Elmore* (50 id. 1); *Place* v. *Minster* (65 id. 101).

In the latter case, the complaint alleged fraud, and the following language is used in the opinion : " It is, of course, necessary to prove fraud, and the plaintiff could not recover on entirely different grounds, unless there were additional averments in the bill or complaint upon which such recovery can be had." In these cases there were allegations of fraud, but outside of those were all the allegations necessary to be contained in an action of ejectment. In *Ross* v. *Terry* (*supra*), it was held : " That the cause of action was not necessarily *ex delicto* because of the averments of false representations ; that they were not the controlling facts, but the gravamen of the action was *ex contractu*. (*Connaughty* v. *Nichols*, 42 N. Y. 83 ; *Ledwich* v. *McKim*, 53 id. 308 ; *Graves* v. *Waite*, 59 id. 156.) "

In the cases under consideration, the actions were brought to recover the possession of one-third of the premises described in the complaint. That the plaintiffs are the owners of the premises and entitled to the immediate possession thereof, and that the defendants are in occupation thereof, is stated in the complaints. In addition to the allegations stating the cause of action, plaintiffs, in anticipation of defendants' defense, have inserted an averment as to an alleged fraudulent judgment obtained by Church against Quacken-

bush. The complaints allege, however, that when the action against Quackenbush was commenced, the latter was not in possession of the demised premises and had conveyed his interest therein to Joseph I. Shultes, and had no interest whatever in said lot, and also possession of the premises in question was never delivered to said Church under said judgment. Of course, the said allegations in the complaints show that the plaintiffs' rights are not at all affected by the judgment or proceedings in the action of Church against Quackenbush. The object of the pleader seems to be to set out in the complaint a cause of action in ejectment, and anticipating that defendants would interpose as a defense the above-mentioned judgment and proceedings thereunder, to assert the facts showing that said judgment and the proceedings thereunder, as to plaintiffs, was of no effect. I do not think that the allegations contained in the complaint in regard to the said Quackenbush judgment can properly be deemed a part of the cause of action.· They are, in fact, irrelevant, and might have been stricken out on motion. The object of the action is to recover the possession of the premises described in the complaint. If the complaints, however, could be deemed to assert two causes of action, one in ejectment, and one to set aside the fraudulent judgment, a recovery could be properly had in the former, although the latter cause of action remained unproved.

The plaintiffs, as above stated, when they rested, had shown title to the premises in suit, and that defendants were in occupation thereof. If, in fact, Church, as owner of the landlord's interest in the lease, re-entered, for the non-payment of rent, and Quackenbush was in possession when the action was commenced, and when the writ of possession was issued, and Church was put in possession under the judgment, such a state of facts would constitute a defense. But those facts did not appear upon the trial. I think, on the facts appearing, plaintiffs were entitled to a judgment, and hence, that the judgment should be reversed, a new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment (in each case) reversed, new trial granted, costs to abide event.