RUBENSTEIN, Respondent, v. MANHATTAN RY. CO., Appellant. (Supreme Court, General Term, First Department. January 18, 1895.) Action by William Rubenstein against the Manhattan Railway Company. F. Allin, for appellant. E. M. Fell, for respondent. No opinion. Judgment affirmed, with costs.

SAND, Appellant, v. CHURCH et al., Respondents. (Supreme Court, General Term, Third Department. December 19, 1894.) Action by Ella D. Sand against Henrietta Church and others. No opinion. Judgment affirmed, with costs. See 24 N. Y. Supp. 251.

SANDER, Respondent, v. NEW YORK EL. RY. CO., Appellant. (Supreme Court, General Term, First Department. December 14, 1894.) Action by William Sander against the New York Elevated Railway Company. I. C. Bushby, for appellant. W. G. Peckham, for respondent. No opinion. Judgment affirmed, with costs. See 30 N. Y. Supp. 1135, mem.

SCHMIDT, Respondent, v. MANHATTAN RY. CO., Appellant. (Superior Court of New York City, General Term. January 7, 1895.) Action by John M. Schmidt against the Manhattan Railway Company. Davies, Short & Townsend (Julien T. Davies and A. T. Stoutenburgh, of counsel), for appellant. Wm. W. Badger, for respondent.

PER CURIAM. The judgment in this case (concerning premises No. 1,026 Second avenue) should be affirmed, with costs.

SCHRAM v. WERNER et al. (Supreme Court, General Term, First Department. December 14, 1894.) Action by Joseph B. Schram against Henry Werner and others. No opinion. The case having been resettled, a new argument may be had. See 31 N. Y. Supp. 47.

SCHWEGLER, Respondent, v. BRAY, Appellant. (City Court of New York, General Term. December 17, 1894.) Action by William Schwegler against Susan Bray. James R. Angel, for appellant. John P. Schuchman, for respondent.

FITZSIMONS, J. We entirely agree with appellant's contention that, if the premises sold consisted of two or more known lots, the sheriff's sale was wrongfully made; but the appeal record shows that the premises so sold were never so known, but, on the contrary, were always described as a single lot or plot. Upon this application, the duty rested upon appellant to establish, by a preponderance of proof, that said premises consisted of two or more known lots. This he has failed to do; but, as above stated, the record shows precisely the contrary. The order must therefore be affirmed, with costs; this, without considering the other points raised by respondent's counsel.

SCOTT et al., Appellants, v. LOUN et al., Respondents. (Supreme Court, General Term, Fifth Department. December 27, 1894.) Action by William H. Scott and others against Andes Loun and another. No opinion. Judgment and order appealed from affirmed.

SILKWORTH, Appellant, v. SIMONDS, Respondent. (Supreme Court, General Term, Fourth Department. September, 1894.) Action by Melvin Silkworth against Edwin A. Simonds. No opinion. Judgment affirmed, with costs.

SIMMONS et al., Appellants, v. BURRALL, Respondent. (Supreme Court, General Term, Fifth Department. December 27, 1894.) Action by Baxter Simmons and others against Myron L. Burrall, as executor, etc. No opinion. Appeal dismissed, without costs to either party, upon stipulation of the attorneys. See 28 N. Y. Supp. 625.

SMITH et al., Appellants, v. TOWN OF GREENWICH, Respondent. (Supreme Court, General Term, Third Department. July, 1894.) Action by Stephen Smith as executor, and Kathleen Ryder, as executrix, of the last will and testament of Erastus D. Culver, deceased, against the town of Greenwich. No opinion. Judgment affirmed, with costs. See 30 N. Y. Supp. 56.

SOULE, Respondent, v. VEYRAC, Appellant. (City Court of New York, General Term. December 17, 1894.) Action by Luman A. Soule against Victor L. Veyrac. Charles E. Le Barbier, for appellant. William T. Mathies, for respondent.

FITZSIMONS, J. There is not a single objection in appellant's favor, as appears from the appeal book. The verdict is amply sustained by the evidence, so that we are unable to find any reason for reversing the judgment herein. It must be affirmed, with costs.

SOUTHARD v. WELLWOOD. (Supreme Court, General Term, First Department. January 18, 1895.) Action by Charles H. Southard against Elizabeth J. Wellwood. H. Secor, for plaintiff. T. J. O'Callaghan, for defendant. No opinion. Order reversed, with $10 costs and disbursements.

SOUTHERN COTTON-OIL CO., Appellant, v. PRUDENTIAL FIRE ASS'N OF NEW YORK, Respondent. (Supreme Court, General Term, First Department. December 14, 1894.) Action by the Southern Cotton-Oil Company against the Prudential Fire Association of New York. No opinion. Judgment affirmed on opinion upon previous appeal. See 29 N. Y. Supp. 128.

SOUTHWELL, Respondent, v. HUMPHREY, Appellant. (Supreme Court, General Term, First Department. December 14, 1894.) Action by Harry G. Southwell against Margaret Humphrey. G. E. Blackwell, for appellant. A. C. Thayer, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

STEIHLER, Appellant, v. REDDING, Respondent. (Common Pleas of New York City and County, General Term. January 7, 1895.) Action by Heinrich Steihler against Harry Redding. H. P. & E. L. McBurney, for appellant. Edwin & Stern, for respondent.

PER CURIAM. No exceptions were taken by the appellant to rulings made upon the trial of this cause, and the evidence presents but a single conflict of fact which it was the peculiar province of the justice to determine, and which determination, in pursuance of the well-settled rule, we decline to disturb. Judgment affirmed, with costs.

SULZ v. MUTUAL RESERVE FUND LIFE ASS'N. (Supreme Court, General Term, Second Department. December 10, 1894.) Action by Dina Sulz, as administratrix, etc., against the Mutual Reserve Fund Life Association. Raphael J. Moses and T. A. Burnham, for appellant. Ernest P. Brook (Charles J. Patterson, of counsel), for respondent.

DYKMAN, J. Upon the questions of law involved, the judgment and order should be affirmed upon the opinion of the trial judge upon the motion for a new trial. 28 N. Y. Supp. 263. Upon the questions of fact, there is no cause for interference. The questions were all submitted to the jury by a charge of which the defendant has no reason to complain, and the jury has deduced inferences favorable to the plaintiff from all the facts and circumstances of the case. It was the peculiar province of the jury to draw such inferences, and we cannot say they are unnatural or erroneous. The judgment and order should be affirmed, with costs.

BROWN, J. I dissent upon the ground that, upon the facts, an action cannot be maintained on the policy in this state.