NEW YORK,
May, 1824.

Carvey
v.
Rider.

## CARVEY AND WIFE *against* RIDER.

ASSAULT and battery, on habeas corpus from the Orange Common Pleas. At the Orange circuit, in 1821, the verdict was for the plaintiffs, for 25 dollars. The defendant on a case made, applied to this Court for a new trial, which was granted, with costs to abide the event. The cause was again brought to trial at the same circuit, in November, 1823, and a verdict found for the defendant; and the only question now, was upon the taxation of costs.

*Story*, for the plaintiff, contended that the defendant was entitled to recover the costs of the *last trial only*. Both the Common Pleas and King's Bench agree in this practice. (*Rouse* v. *Bardin et al.* 1 H. Bl. 639, and note (*b*) there. *Smith* v. *Haile*, 6 T. R. 71. *Hankey et al.* v. *Smith et al.* 3 T. R. 507. *Bird* v. *Appleton*, 1 East, 111.) In the last case Ld. Kenyon, C. J. reviews all the previous authorities. And in *Howarth* v. *Samuel*, (1 B. & A. 566,) the Court say, " The rule as laid down in *Austen* v. *Gibbs*, (8 T. R. 619,) where the costs are directed to abide the event, is this, that in case the same party succeeds again on the second trial, he shall have the costs of both trials; but if the verdict be different on the second trial from what it was on the first, the party succeeding on the second trial, shall only have the costs of the second trial;" and they acted upon this principle. He also cited *Poole* v. *Selwood*, (1 Price's Exch. Rep. 310.) It might be said, and (for aught he knew,) correctly, that the usage of the bar had been different; but we have a rule declaring, that the practice of the King's Bench shall be ours, in cases not provided for by the rules of this Court.

Where the party succeeds, he is, *prima facie*, right; and it is enough, in justice, that the opposite party obtains a new trial, without the precedent condition of paying the costs of the first.

---

Assault and battery, on habeas corpus, from the common pleas. 1st verdict, for the plaintiff, $25. New trial, *with costs to abide the event*, &c. 2d. verdict, for the defendant; *held*, that the defendant should recover his costs of both trials.

NEW YORK,
May, 1824.

Carvey
v.
Rider

*M'Kissock,* contra, contended that he was entitled to re-cover the entire costs of the suit, from its commencement in the Common Pleas, to its termination in this Court, includ-ing the costs of the first, as well as the second trial. He should not deny that the rule laid down on the other side, was settled in the English courts; but as he did not know that the question had been decided by this Court, (at any rate, no decision upon the question is reported,) he did not deem it improper to say, that the English rule is inconsis-tent with their statute, and with the very terms of the phrase, " with costs to abide the event of the suit." A verdict over 25 dollars against us, would carry costs; the suit being brought here by habeas corpus. (1 R. L. 344, s. 4.) And on the other hand, the statute is plain and conclusive, that the defendant shall have his full costs if he recover. (1 R. L. 343, s. 2.) On granting the new trial, the argument of the opposite side might have been used; and this Court might have imposed such a condition as would have limited our costs; but that period has gone by. No discretion—no equitable power of the Court has been exercised; and *ex vi termini,* we must recover our full costs. The statute is left to its full operation. The *whole costs* are, by the terms of the rule granting a new trial, to follow the event. No dis-tinction was made by the court. The very rehearsal of the terms in which the new trial is granted, shows the English rule to be absurd. He concluded by citing *Davila* v. *Her-ring,* (1 Str. 300,) and *Burchall* v. *Bellamy,* (5 Burr. 2693.)

*Curia,* per SUTHERLAND, J. On granting a new trial, the Court exercise a sound discretion in relation to the costs of the trial which has already been had. Where the verdict is set aside for the misdirection or error of the Judge, or as being against law or evidence, the costs of the former trial are directed to abide the event of the suit; upon the prin-ciple, that the error which occasions the setting aside of the verdict, being imputable to neither party, and the case being still undecided upon its merits, there is no ground upon which the costs should be put upon the one party, rathe than the other.

The construction which the Court of King's Bench have put upon the terms, " *that the costs shall abide the event of the suit,*" is this ; that if the same party succeeds again on a second trial, he shall have the costs of both trials ; but if the verdict be different on the second trial from what it was on the first, the party then succeeding, shall only have the cost of this trial. (*Howarth* v. *Samuel,* 1 B. & A. 566. *Austen* v. *Gibbs,* 8 T. R. 619.) The rule has been differently construed here. It has been understood according to the plain and natural import of its terms ; and we believe the general understanding of the profession has been, that the party who finally succeeds, is entitled to his costs upon all the previous trials, (whether he failed or succeeded in them,) if those costs were directed to abide the event of the suit. It is of no importance which way this rule is understood ; but only that it should be settled. *Whenever the costs of a former trial are directed to abide the event of the suit, the finally successful party is entitled to the costs of both trials.*

Rule accordingly.(*a*)

(*a*) Vid. *Jackson* v. *Hallum*, 1 Chit. Rep. 19.