Freedman, J.
The taxation is sought to be upheld under the decision of this court in Cochran v. Gottwald, 42 N. Y. Super. Ct. (10 J. & S.) 214, where it was held that a defendant, on again succeeding upon a new trial, was not entitled to. include in his judgment the aggregate amount of the costs and disbursements inserted in the first judgment, because the reversal, of the judgment carried with it a reversal of the' bill of costs as 'taxed.
But in the case at bar the defendant presented the items and claimed their allowance as just and proper ones. They must therefore be considered on their merits.-
*9 When thus considered it becomes at once apparent that the defendant had a clear right to the following, viz.: Costs before notice of trial, $10 ; costs after notice of trial, $15; five term fees from June, 1873 to Dec., 1874, $50.
These items were not in any sense costs of the first trial, but costs in the cause which the party eventually prevailing was entitled to tax, and as no further claim for any such, item or items was made on account of the second trial, their disallowance was erroneous.
The remaining disputed items consist of a trial fee, for, and defendant’s disbursements on, the first trial, and the costs and disbursements awarded by the general term. These were all once adjudged to the defendant, but the judgments were reversed by the court of appeals, with costs to abide the event.
In Cochran v. Grottwald (supra), it was said upon a somewhat similar state of facts, that costs could not be taxed by a party for proceedings that had been vacated for error in his favor, and that the statutory right of a party to costs attached only to such proceedings as are regular on his part. And indeed it is difficult to perceive upon what principle a party finally prevailing should be allowed not only the costs necessarily incurred to gain the final victory, but also those which were unnecessarily and perhaps recklessly made by him in consequence of proceedings which had to be set aside for error.
But in our judgment the question is no longer open for’discussion here. In Howell v. Van Siclen, 8 Hun, 524, the general term of the supreme court differed with this court upon this very question, and the view of that court was sustained by the court of appeals. From the printed papers in that case which were handed up, it appears that the issues were twice tried by a referee, each trial resulting in a judgment for the plaintiff. Upon an appeal Horn the first judgment, the *10 judgment was reversed and a new trial ordered “ with costs to the defendant to abide the event.” Upon the taxation of costs after the second trial the plaintiff was allowed to tax a trial fee of $30 and the referee’s fees of $350 for the first trial, and a trial fee of $30, and the referee’s fees of $125 for the second trial. The defendant insisted that the reversal of the first judgment deprived the plaintiff of the right to tak the items relating to the first trial, but the supreme court at general term, held:
“When this court granted a new trial with costs to the defendant to abide the event, it was the costs of appeal and not the costs in the action were allowed. The plaintiff having succeeded was entitled to costs, but the defendant, having reversed the judgment, was allowed costs of the proceeding taken by him for that purpose, provided he succeeded in the actions. The plaintiff could not have had them in any court because he did not maintain his judgment. The defendant was not, when the appeal was taken, entitled to costs; he had not succeeded in the action and the presumption must be against him, if any be indulged in when the reversal of the judgment rests upon some error committed upon the trial. He was not the successful party; and still insisting upon his non-liability for the plaintiff’s, claim, he demanded a new trial. He was again unsuccessful and the plaintiff became by the operation of the statute entitled to the costs in the action, except the costs of the appeal. These costs were awarded him, and properly. He was the successful party.”
For these reasons the taxation as had was upheld, and the court of appeals affirmed this decision on June 5, 1877. Ho opinion was delivered by the latter court, but as the affirmance could not well have proceeded upon any other ground then the one upon which the decision was placed belo w, namely that the plaintiff *11 had become entitled to the costs of the first trial by operation of the provisions of the Code regulating the allowance of costs, we consider ourselves bound by it.
In the case at bar the position of the parties is reversed. The defendant is the party finally prevailing, and as such he is entitled to tax all the items rejected by the clerk.
The order appealed from should be reversed with costs, the taxation reopened, and the matter referred back to the clerk with instructions to insert the rejected items.
Curtis, Ch. J., and Sedgwick, J., concurred.
Ordered accordingly.