# SUPREME COURT.

## Aaron Combs agt. James Dunn.

*Action — Complaint — Order of arrest — what allegations in complaint show the action to be in tort — fraud must be proved in order to recover.*

Where the complaint averred that the defendant, with intent to deceive and defraud the plaintiff by inducing him to sell a certain horse to the defendant, represented to the plaintiff that he, the defendant, owned the whole of the premises occupied by him and all he owed was about $200, by which representations plaintiff was induced to sell and deliver to defendant a horse of the value, and for which defendant promised, by a promissory note delivered at the same time, to pay the sum of $110; that said representations were false, in that defendant did not own said premises, nor the whole of them, but occupied the most valuable portion of them on a contract on which nothing, except the interest, had been paid at the time the aforesaid representations were made; that he owed at that time exceeding $200, and still owes it; that he knew when said representations were made that said things were so; an order of arrest was granted upon the ground of false and fraudulent representations:

*Held,* that the complaint was in fraud and not on contract, and that the plaintiff could not recover without proving the fraud alleged, and that the motion to vacate the order of arrest should be denied.

*Livingston Special Term, June,* 1878.

Motion by defendant that order of arrest be vacated, or that plaintiff be required to amend complaint by striking out all causes of action except that on which he is entitled to an order of arrest, and that he be required to elect upon which cause of action he will rely.

The complaint avers that the defendant, about the 12th day of December, 1877, with intent to deceive and defraud the

plaintiff by inducing him to sell a certain horse to the defendant, represented to the plaintiff that he, the defendant, owned the whole of the premises occupied by him, and all he owed was about $200 ; that he owned it, and he alone, and all his debts did not amount to over $200 ; that plaintiff relying on such representations was thereby induced to sell and deliver to defendant a horse of the value, and for which the defendant promised to pay the sum, of $110 as set forth in the terms of a promissory note made and delivered on the date aforesaid by the defendant to plaintiff, by which defendant promised to pay to Aaron Combs, or bearer, the sum of $110 by the 1st day of April, 1878, with interest, and of which note the plaintiff is still the owner and holder ; that said representations were false, in that defendant did not own said premises, nor the whole of them, but occupied the most valuable portion of them, and on which the buildings stand under a contract with one Glady, and on which contract nothing except the interest had been paid at the time the aforesaid representations were made, and that the whole, or very nearly the whole, sum on said contract still remains unpaid ; that he owed at that time exceeding $200, and still owes it, and that he knew when said representations were made that said things were so ; that no part of the price of said horse or the note aforesaid has ever been paid, and that plaintiff has suffered loss and damage by the fraud of the defendant aforesaid to the amount of $110 and interest.

Prays judgment for $110 and interest from 12th day of December, 1877, and costs.

The order of arrest was granted by the county judge of Allegany county upon the ground of false and fraudulent representations made by the defendant in the purchase of a certain horse on credit from the plaintiff.

*E. C. Olney,* for motion.

*W. C. Windsor,* opposed.

Combs agt. Dunn.

ANGLE, *J.* — The alleged ground of this motion is, that the complaint contains two causes of action, one for fraud and the other on contract, in one of which the right to an order of arrest depends on the nature of the action and in the other it depends upon extraneous facts. In either view I see no ground for vacating the order of arrest. For the balance of the motion, viz., that the plaintiff be required to amend his complaint by striking out all the causes of action therein contained, except that on which he is entitled to an order of arrest, and that he be compelled to elect upon which cause of action he will rely, the question still remains whether this complaint does in fact contain the two causes of action as alleged.

I shall not go through and analyze the cases bearing upon the point, but will refer to the more prominent ones in the highest courts (*Elwood* agt. *Gardner*, 45 *N. Y.*, 349; *De Graw* agt. *Elmore*, 50 *id.*, 1; *Ross* agt. *Mather*, 51 *id.*, 108; *Dudley* agt. *Scranton*, 57 *id.*, 424; *Graves* agt. *Waite*, 52 *id.*, 156; *Barnes* agt. *Quigley*, 59 *id.*, 265; *Greentree* agt. *Rosenstock*, 61 *id.*, 583; *Mathews* agt. *Cady*, 61 *id.*, 651) and state, as my conclusion, that the complaint in this action is in fraud and that the plaintiff cannot recover without proving the fraud alleged. *Peck* agt. *Root* (5 *Hun*, 547) is quite in point, though there may be some question whether one of the reasons given in the opinion (*p.* 550), viz., "pleadings are to be construed most strongly against the pleader," is sound. In *Olcott* agt. *Carroll* (39 *N. Y., p.* 438), judge WOODRUFF, speaking for the court, says: "It is not true that, under the Code, if there be uncertainty in respect to the nature of the charge it must be construed strictly against the pleader;" while commissioner HUNT, in *Bunge* agt. *Coop* (48 *N. Y., p.* 231), applies "the principle that the pleading is to be construed most strongly against the pleader" as useful in that case.

The motion is denied, but, as there is such a conflict or confusion of cases, it is without costs.