ALEXANDER B. MOTT, Respondent, *against* THE CONSUMERS ICE CO., Appellant.

(Decided April 7th, 1879.)

Where upon appeal a new trial is granted *with costs to abide event,* the party succeeding upon the new trial, whether respondent or appellant, is entitled to the costs of the appeal and of the former trial.

The case of *Carvey et al.* v. *Rider* (2 Cow. 617) followed, and *Sheridan* v. *Genet* (Daily Reg. Dec. 13th, 1878 ; Feb. 7th, 1879) and *Lyddy* v. *Kenny* (Daily Reg. Feb. 10th, 1879) disapproved.

When plaintiff at trial is allowed by the court to withdraw a juryman without costs the defendant is entitled to a trial fee on entering final judgment.

The trial commenced March 14th, was continued March 15th, when the plaintiff rested, and on the 16th the complaint was dismissed : *held,* that the fee of $10 for a trial occupying more than two days was taxable.

APPEAL from an order of this court made at special term on appeal from the clerk's taxation of costs.

The following costs allowed the defendant by the clerk were disallowed by the order :—

| | |
|---|---|
| Costs on appeal to Court of Appeals. . . . . . | $110 00 |
| Trial fee on first trial . . . . . . . . . . . | 30 00 |
| Trial occupying more than two days on second trial | 10 00 |

There were three trials. On the first, plaintiff was allowed to withdraw a juror. On the second, the complaint was dismissed; there was a judgment of affirmance by the general term, and a reversal by the Court of Appeals with costs to abide event. On the third trial the defendant obtained a verdict.

*A. P. Whitehead*, for appellant.

*Hatch & Van Allen*, for respondent.

CHARLES P. DALY, Chief Justice.—It was my impression, as stated upon the argument, that the practice was, as it was declared to be by Judge Brady in *Sheridan* v. *Genet*, whose decision was affirmed by the general term (Daily Reg. Dec. 13th, 1878 ; Feb. 7th, 1879), and as was held by Judge Barret, in *Lyddy* v. *Kenny* (Daily Reg. Feb. 10th, 1879) ; but an examination of the prior decisions shows that it has been settled the other way ; that is, that where a new trial is granted with costs to abide the event, the party succeeding upon the new trial recovers the costs of the appeal and of the former trial ; that under our statute he recovers all the costs in the action, unless, upon granting the new trial, the costs of the appeal are given to the party prevailing upon the appeal, in which case it has been held that they are recoverable only by him if he finally succeeds in the action. (*Howell* v. *Van Sicklen*, 8 Hun, 524.)

The case of *Carvey* v. *Rider* (2 Cow. 617) must be regarded as having settled the practice. In that case the plaintiff recovered judgment; the defendant appealed ; a new trial was ordered with costs to abide the event, upon which new trial the defendant succeeded, and it was held that he was entitled to recover the costs of both trials. The case was very maturely considered, the attention of the court being drawn to the fact that in the King's Bench and in the Court of Common Pleas (in England) it was settled by adjudged cases, that where the costs were left to abide the event of the suit the rule was, that if the same party succeeds again on the second trial he has the costs of both; but if the

verdict on the second trial is different, the party succeeding recovers only the costs on that trial. But the court said that the rule had been differently construed in this State ; that it had been understood, according to the plain and natural import of the words, to abide the event; that the party who finally succeeds is entitled to his costs upon all previous trials, whether he failed or succeeded in them ; that the costs of a former trial are directed to abide the event of the suit, upon the principle that the decision which occasions the setting aside of the verdict is the error of the court, and being imputable to neither party, and the case being still undecided upon its merits, there is no ground upon which the costs should be put upon the one party rather than the other, which was in accordance with the prior decision of the Court of Errors in *Le Guen* v. *Gouverneur* (1 Johns. Cases, 436), in which it was held that the appellate court gives such judgment as the court below ought to have given, and that it would therefore be unreasonable to compel a person in a case of reversal to pay costs for the error of the court below. The decision in *Carvey* v. *Rider* was followed in *Koon* v. *Thurman* (2 Hill, 357), in which the plaintiff was non-suited and obtained a new trial with costs to abide the event, on which second trial the defendant had a verdict; and it was held that he was entitled to the costs of the motion for a new trial, as well as for the costs of the trial itself. It was also substantially followed in *Van Wyck* v. *Backer* (11 Hun, 310), in which the plaintiff's judgment was reversed, and a new trial ordered with costs to abide the event, after which, upon the plaintiff's application, the special term allowed the action to be discontinued without costs to either party ; and upon an appeal from that order the court held that this could not be done, for, as the costs were left to abide the event, the prevailing party in the action was entitled to them. The rule is also thus laid down in one of the most reliable of the old books of practice :—" Whenever the costs are directed to abide the event the party finally successful is entitled to the costs of both trials." (Graham's Pr. 635, 2d ed.) These cases were probably not examined by the court in *Sheridan*

v. *Genet* and *Lyddy* v. *Kenny* (*supra*), nor upon the affirmance of *Sheridan* v. *Genet* by the general term, as no reference is made to these prior authorities in the opinions of Judges Brady and Barrett. These prior cases have settled the practice, and the defendant, therefore, was entitled to the costs in the Court of Appeals.

Where, as was done in this case, the plaintiff is allowed to withdraw a juror without the payment of costs, it means that the present payment of costs is not imposed as a condition of allowing him to do so, for if they are imposed, they must be paid before the plaintiff can bring the cause to trial again. It in no way affects the defendant's ultimate right to his trial fee if he finally succeeds in the action. At the common law a juror could not be withdrawn without the consent of both parties in a civil case, and each party paid his own costs. (*Chedwick* v. *Hughes*, Carth. R. 465; *Moulin* v. *Dallison*, Cro. Car. 484; *Stoddart* v. *Johnson*, 3 Term R. 657.) But the strictness of the common law rule was relaxed in this State, the dictum of Lord Holt, upon which it rested, being doubtful, and it was held that the court may, in the exercise of a sound discretion, allow a juror to be withdrawn. (*The People, &c.,* v. *The Judges of the N. Y. Com. Pleas*, 8 Cow. 127; *People* v. *Olcott*, 2 John. Case, 301.) The rule that each party pays his own costs where a juror is withdrawn (*Stoddart* v. *Johnson, supra*) was applied, because one could not be withdrawn unless both parties consented, and being an act to which both consented one had no more right to costs than the other. The defendant could insist upon a non-suit, but when he waived that right and consented to the withdrawal of a juror he waived also all claim for costs. But as that is not the rule in this State, and a juror may be withdrawn without the consent of the defendant, there is necessarily no waiver on his part of the costs where the court, upon the plaintiff's application, allows a juror to be withdrawn.

The defendant is entitled, I think, to his trial fee in such a case, having ultimately succeeded in the action, for the withdrawal of a juror was not his act, and but for it he

would have been entitled to judgment, that the complaint be dismissed.   He entered upon the trial of the issue of fact, and it was not his fault if the trial was not completed.   The fee is given for the trial of an issue of fact, and he has done all that he could do to try it, and that the trial fell through was the result of an exercise of the court's discretion upon the plaintiff's application.

Judge Sandford held, in *Dewe* v. *Stuart* (6 Hill, 466), that where a juror is withdrawn a trial fee is taxable.   There is, he says, in such a case a trial, and the plaintiff virtually fails in his suit, but as a favor is relieved on terms instead of having his complaint dismissed.

It is in no wise different from the failure which results from the disagreement of a jury, in which cases it has been held that the trial fee is taxable, because a trial without a verdict is still a trial, and the labor of counsel is equally great whether the jury agree or not.   (*Hamilton* v. *Butler*, 19 Abb. 446 ; *Ellsworth* v. *Gooding*, 8 How. 1.)   In which last case Judge Harris said : "If an issue of fact be brought to trial, and for any cause a juror is withdrawn, or being unable to agree the jury is discharged without rendering a verdict, the party who is finally successful would, undoubtedly, be allowed a trial fee, though the trial may not result in a decision."   The trial fee, therefore, in my judgment, was properly taxed.

The remaining question is, whether the trial occupied more than two days.   It appears that it commenced on March 14th, was continued on the following day, when the plaintiff rested, and on the 16th the complaint was dismissed. This, in my opinion, is occupying more than two days.   The trial was not ended on the 15th, and the parties attended on the 16th, or the third day, when the complaint was dismissed.   The law takes no notice of fractions of a day, and this item should have been allowed.   The order appealed from should be reversed and the defendant allowed to tax the costs of the appeal, a trial fee for the trial when the juror was withdrawn, and $10 for the second trial, which lasted more than two days.

LARREMORE, J., concurred.