JOHN FRANEY, Appellant, *v.* ALVIN C. SMITH et al., Respondents.

Under the provision of the Code of Civil Procedure (§ 3238), regulating costs upon appeal from final judgment, the Court of Appeals has power, in an equitable or legal action, upon the reversal of the judgment and the granting of a new trial, in its discretion, to provide that the costs shall abide the event, or to award them absolutely.

Where it is provided that costs shall abide the event, this means all the costs of the action up to and including the decision of this court.

*Sisters of Charity* v. *Kelley* (68 N. Y. 628); *In re P. E. Public School* (86 id. 396); *In re Water Commissioners* (104 id. 677), distinguished.

(Argued April 27, 1891; decided May 5, 1891.)

MOTION to amend remittitur.

The following is the opinion in full:

" The plaintiff upon the first trial, in an equitable action, recovered judgment against the defendants. That judgment was affirmed at the General Term, but upon appeal to this court it was reversed and a new trial granted, ' costs to abide the event.' Upon the new trial, the defendants succeeded and the complaint was dismissed. They now claim all the costs of the action, and the plaintiff claims that they are not entitled by virtue of our judgment to any costs, except the costs of appeal to this court. The clerk taxed the costs in conformity with the claim of the defendants. The plaintiff thereafter made a motion for retaxation at a Special Term,

where the taxation of the clerk was affirmed, and he then appealed to the General Term.   In the opinion written at the Special Term we find the following :

'It cannot be questioned that the order of reversal in the Court of Appeals gave to the defendant only the costs in the Court of Appeals upon his recovering judgment upon the second trial.   This the counsel for both sides concede, and the defendants' counsel bases his right here purely upon the order of the Special Term upon the second trial, dismissing the complaint with costs.   The Court of Appeals clearly had the power to direct that the defendant, in the event of his success upon the second trial, should have the costs of the Special and General Terms upon the first trial.   The judges of the Court of Appeals had before them the record upon the first trial and in the General Term.   It would be most fitting that the power should rest with them and them alone.   It would seem that its refusal to exercise such power should be conclusive against the defendants' contention here.'

" The defendants now make a motion to amend the remittitur of this court by inserting therein that ' the appellants have costs of the Special and General Terms, or that it be amended by inserting therein, with costs of the Special and General Terms to the appellants in case of success on a retrial.'

" This motion is wholly unnecessary.   The counsel for both parties and the judge at the Special Term seem to have misapprehended the effect of our judgment.   Under section 3238 of the Code this court had the power, upon the reversal of the judgment and granting a new trial, in its discretion to provide that the costs should abide the event, or to award them absolutely to either party.   Our judgment was that they should abide the event, and that formula always means in such a case all the costs of the action up to and including the decision of this court.   And we have never held otherwise.   In *Sisters of Charity* v. *Kelly* (68 N. Y. 628), we held that when costs are given by the judgment of this court, it means costs in this court to the successful party as against the unsuccessful party. There the costs in question were those awarded upon an affirmance by this court, and we held that costs in that case simply meant costs to the successful party as against the unsuccessful

party. In *First National Bank* v. *Fourth National Bank* (84 N. Y. 469), we held that where an order is made by this court on appeal from a judgment reversing the judment, 'with costs to abide the event' and without other limitations, the respondent, if finally successful in the action, is entitled to tax the costs of the appeal. There the defendant obtained in this court a reversal of the plaintiff's judgment, with costs to abide the event, and upon the new trial the plaintiff was again successful, and the question was whether he was entitled to tax the costs of the appeal to this court and we held he was. Judge ANDREWS, writing the opinion, said: 'We have often limited the recovery of costs on appeal to one of the parties, but where the order reversing a judgment and granting a new trial is made with costs to abide the event, without other limitation, we understand that the party finally succeeding in the action is entitled to tax them,' and the judge then had in mind the costs of the action, although the only question before him was whether the party who was unsuccessful upon the appeal to this court, but who was finally successful in the action, was entitled to costs of the appeal to this court.

"In *Matter of P. E. Public School* (86 N. Y. 396), there was a special proceeding to vacate an assessment for a local improvement in the city of New York, and we having reversed the order of the General Term and affirmed the order of the Special Term 'with costs,' and the successful party thereupon claiming to tax full costs of appeal to the General Term, it was held that our order carried only the costs of this court, and that we had not attempted to interfere with the costs in the court below. In the *Matter of the Water Commissioners of Amsterdam* (104 N. Y. 677), we held that the words 'with costs,' in an order of affirmance or reversal in this court, in a case where the allowance of costs is discretionary, meant costs in this court only. There this court reversed an order of the General Term confirming a report and award of commissioners and set aside the report, 'with costs,' and directed a rehearing before new commissioners ; and we held that that formula, 'with costs,' where we made the final order in reference to them, without more, meant only the costs of appeal to this court. But where we reverse the judgment of the court

below and grant a new trial, in either an equitable or legal action, 'with costs to abide the event,' all the costs of the action up to that time are intended.

" It is, therefore, wholly unnecessary to amend our remittitur and the motion is denied, without costs to either party."

*Arthur More* for motion.

*A. A. White* opposed.

*Per curiam* opinion for denial of motion.
All concur.
Motion denied.