(66 Hun, 635; mem. report without opinion.)

### HERBST v. VACUUM OIL CO.

(Supreme Court, General Term, Fifth Department. January. 1893.)

COSTS ON APPEAL.
　　Where an order setting aside a verdict for plaintiff is affirmed on his appeal "with costs of the appeal to abide the event," he is entitled to his costs on the appeal on obtaining a verdict at the second trial, notwithstanding defendant's success in resisting the appeal. Durant v. Abendroth, (Sup.) 1 N. Y. Supp. 538, contra.

Appeal from special term, Monroe county.

Action by Ludwig Herbst against the Vacuum Oil Company. An order setting aside a verdict for plaintiff was affirmed "with costs of the appeal to abide the event," (15 N. Y. Supp. 938,) and on the second trial plaintiff again had a verdict. The clerk taxed the costs of the appeal in favor of plaintiff, and from an order denying a motion for a retaxation, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Marcenus H. Briggs, for appellant.
G. & S. C. Truesdale, for respondent.

LEWIS, J. The plaintiff recovered a verdict in an action in the supreme court. It was set aside at special term, because the damages were excessive. The plaintiff appealed from the order setting aside the verdict to the general term. That court made and filed its decision, affirming the order of the special term "with costs of the appeal to abide the event." A new trial of the action was thereafter had; the plaintiff

again had a verdict, but for a smaller amount.    The clerk, against the objections of the defendant, taxed the general term costs for the plaintiff. This appeal is from an order of the special term denying the defendant's motion to strike out of the costs as taxed the costs of the appeal to the general term.    The allowance of the costs in the general term was discretionary with that court.    It might have limited the costs of the appeal to the defendant to abide the event of the action, or, as was done here, allow the costs of the appeal to abide the event of the action. That court, having all of the facts before it, determined that the appeal was not so devoid of merit as to justify the refusing to the plaintiff costs of the appeal if he should be finally successful in the action, so the court concluded to allow the costs of that court to abide the event of the action.    Proceedings are not unfrequently taken in the prosecution of actions which are finally ascertained to have been unnecessary and fruitless of any good, but they may be taken in good faith with the belief on the part of the appellant that the order or judgment appealed from is erroneous, and should be reversed.    Courts, when denying motions, sometimes allow costs of the motion to abide the event of the action. It has been the practice to allow the successful party to tax such costs. It was held by the court of appeals in the case of Trust Co. v. Whiton, 78 N. Y. 491, that it is the province of the general term in such a case to give construction to its own order.    A like construction was given by the court of appeals to a similar order made by that court in the case of First Nat. Bank of Meadville v. Fourth Nat. Bank of New York, 84 N. Y. 469.    Judge Andrews, speaking for the court, said:

"The order did not limit the recovery of costs to the prevailing party on the appeal in case he should finally succeed in the action.    Appeals are often taken for technical errors which do not affect the merits, and, although the appellant is successful, the effect of such appeals in many cases is simply to protract and increase the expense of the litigation.    There is generally no injustice in awarding costs on the appeal to the party who shall finally recover.    It is conceded that the plaintiff is entitled to tax the costs of both trials.    This is the undoubted practice, although the first judgment in his favor was erroneous.    In analogy he should be allowed to tax the costs of the appeal.    We have often limited the recovery of costs on appeal to one of the parties, but where an order reversing the judgment and granting a new trial is made, with costs to abide the event, without other limitation, we understand that the party finally succeeding in the action is entitled to tax them."

We are referred to a reported case where a different construction was given to a like clause in an order by the general term in the first department.[1]    That court, in construing its own order, announced what it intended by the terms of the order.    We are here required to give construction to an order made by this court.    The construction given to our order by the special term court meets with our approval.    The order appealed from should be affirmed, with $10 costs and disbursements of the appeal.    All concur.

[1] Durant v. Abendroth, (Sup.) 1 N. Y. Supp. 538.