SMITH v. SMITH et al.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

1. PLEADING AND PROOF—VARIANCE.
    A complaint alleging false and fraudulent representations by defendants as to their responsibility, made with intent to deceive plaintiff, whereby he, relying upon such representations, was induced to loan defendants money, taking their note (which was set out in the complaint) is an action for fraud, entitling plaintiff to execution against defendants' persons (Code Civ. Proc. §§ 3026, 2895); and therefore, on appeal by defendants to the county court from a judgment of the justice court for plaintiff, awarding also execution against defendants' persons, plaintiff should not be allowed to recover in contract, on the note.

2. AMENDMENT.
    In such a case an amendment changing the action from an action for fraud to an action in contract is properly refused.

Appeal from order of Broome county court.

Action by Nathan C. Smith against Lyman J. Smith and another. From a judgment for plaintiff on appeal by defendants to the county court, defendants appeal. Reversed.

This action was commenced on the 6th day of March, 1895, before a justice of the peace of the county of Broome. The complaint therein was as follows, viz.:

"Plaintiff complains of the defendants, and alleges that the defendants herein, on or about the 12th day of April, 1894, for a valuable consideration, executed and delivered to the plaintiff herein their promissory note, in writing, which said note is hereto attached, and made a part of this complaint; that on or about the 14th day of April, 1894, the defendants willfully, wrongfully, falsely, and knowing the same to be false, represented certain matters to this plaintiff to be true, with intent to cheat and defraud this plaintiff out of the sum of $150; that plaintiff, believing the false and fraudulent representations made by defendants to be true, loaned them the sum of $150 on the 15th day of April, 1894, with full faith as to their responsibility, financially, and took, as an evidence of such loan, the promissory note hereto attached; that the defendants represented to plaintiff that they were financially responsible for the sum so advanced, when, in truth and in fact, they, and each of them, knew that such statements were false and untrue; that payment of said promissory note was duly demanded of both the defendants herein, and refused; that

there is now due and owing plaintiff by defendants the sum of $150, and interest thereon from the 14th day of April, 1894, no part of which has been paid; that the defendants herein both reside in the city of Binghamton, county of Broome, N. Y. Wherefore plaintiff demands judgment against defendants for the sum of $150, and interest from April 14, 1894, with costs.

"Nathan Smith, Plaintiff."

Copy of note attached to complaint, forming a part thereof:

"$150. Binghamton, N. Y., Apr. 12th, 1894.

"The Merchants' National Bank. Six months after date, I promise to pay Nathan C. Smith $150.00.

"With use. ——— dollars.

"With use.
Lyman J. Smith.
"E. L. Johnson."

The answer was an oral one, consisting of a general denial of the complaint. Thereafter, on March 30, 1895, the justice rendered judgment in favor of the plaintiff for the amount claimed in the complaint. The record shows that on April 6, 1895, a transcript of said judgment was issued, containing the words, "Defendants liable to execution against their persons," pursuant to the provisions of section 3018 of the Code of Civil Procedure. An appeal was taken from said judgment by the defendants to the county court of Broome county; they, in the notice of appeal, demanding a new trial in said court. Such trial was had before the county judge of said county and a jury on September 22, 1895. On the trial the plaintiff proved the execution of the note, a copy of which was set out in the complaint, but offered no evidence to sustain the allegations of fraud therein contained. The plaintiff thereupon moved to amend the complaint so as to conform to the proof, by striking therefrom the allegations of fraud. The court below held that the plaintiff, having proved a good cause of action on contract, was entitled to recover under the allegations of the complaint as it was, and that an amendment was unnecessary, and for that reason denied the motion. The plaintiff thereupon rested, and the court directed a judgment in his favor, and against the defendants, for the amount claimed. The defendants made the proper objections and exceptions to such direction, rulings, and disposition of the case by the court below.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

T. B. & L. M. Merchant, for appellants.
Frank H. Short, for respondent.

PUTNAM, J. We think that the complaint states a cause of action for an alleged fraud. The plaintiff therein set forth the representations made by the defendants as to their responsibility; that said representations were false and fraudulent, to the knowledge of the defendant, and made wrongfully and willfully, with intent to deceive the plaintiff; that he, believing such false representations made by the defendants to be true, loaned them the sum of $150, relying upon the representations made by them as to their responsibility, and took the note set out in the complaint; that payment of said note was duly demanded by plaintiff of defendants, and refused. "Wherefore plaintiff demands judgment" for $150 and interest. As said in Ross v. Mather, 51 N. Y. 108–110, "the complaint contains all the elements of a complaint for a fraud." It does not set forth a cause of action on a promissory note, but one arising from certain fraudulent representations made by the defendants, known by them to be false, with intent to defraud the plaintiff, and by which he was induced to advance $150, and take the note in ques-

tion, and hence was defrauded and damaged to the amount thereof. Under this complaint, on the judgment rendered by the justice of the peace that officer was authorized to issue an execution against the persons of the defendants, by virtue of the provisions of sections 3026, 2895, of the Code of Civil Procedure; and, in the transcript delivered to the plaintiff, he properly inserted the words, "Defendants liable to execution against their persons." Our attention is called to a similar complaint in Peck v. Root, 5 Hun, 547, which was held to set forth a cause of action in tort. See, also, Combs v. Dunn, 56 How. Prac. 169; Freeman v. Leland, 2 Abb. Prac. 479. Hence the gravamen of the action, as stated in the complaint, being for fraud, the court below was not authorized to allow a recovery for a breach of contract. Ross v. Mather, 51 N. Y. 108; Barnes v. Quigley, 59 N. Y. 265; Truesdell v. Bourke, 145 N. Y. 612–617, 40 N. E. 83. There are a class of cases, some of which are cited and referred to by the learned counsel for the respondent, holding that, where the gravamen of an action is breach of contract, the addition of irrelevant or unnecessary allegations of fraud in the complaint will not affect the nature of the action, or the remedy therein. Graves v. Wait, 59 N. Y. 156; Tuers v. Tuers, 100 N. Y. 196, 2 N. E. 922. The distinction between such cases and the one under consideration is noticed by Finch, J., in Salisbury v. Howe, 87 N. Y., at page 134. In this case the complaint clearly sets forth a cause of action to recover damages alleged to have been sustained by the plaintiff by reason of the fraudulent representation of the defendants. Had the plaintiff simply counted on the note described in the complaint, the defendants might not have interposed a defense to the action. But they were compelled to defend the action actually brought by the plaintiff, as stated in his complaint, or suffer a judgment adjudging them guilty of fraudulent representations, under which they were liable to be arrested. So, when a recovery was had against them in the justice court, they were compelled to appeal to the county court. Under the circumstances, the disposition of the case by the court below—allowing the plaintiff, on the trial, to abandon his claim for damages for the alleged false and fraudulent representations of the defendants, and recover as in an action on the note—was not only unauthorized, but unjust to the defendants.

We are of the opinion that the court below was right in denying the motion of the plaintiff to amend the complaint, on the ground that an amendment on the trial substituting a different cause of action from that stated in the complaint is unauthorized. Freeman v. Grant, 132 N. Y. 22–29, 30 N. E. 247. This is especially the case on a new trial in the county court on an appeal from a justice's court.

The judgment should be reversed and a new trial granted; costs to abide the event. All concur.