NATHAN C. SMITH, Appellant and Respondent; *v.* LYMAN J. SMITH and E. L. JOHNSON, Appellants and Respondents.

*Order of reversal of a judgment for the plaintiff awarding costs to abide the event — the plaintiff succeeding on the second trial may tax costs of the first trial and of the appeal.*

Where a judgment for the plaintiff, in an action at law, is reversed and a new trial is granted, with costs " to abide the event," and the plaintiff again succeeds upon a second trial, he is entitled to tax the costs of the first trial and also those of the appeal.

APPEAL by the defendants, Lyman J. Smith and another, from a judgment of the County Court of Broome county in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 27th day of October, 1896, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of May, 1897, denying the defendants' motion for a new trial made upon a case containing exceptions.

Also, an appeal by the defendants from certain portions of an order of the Broome County Court, entered in the office of the clerk of the county of Broome on the 8th day of June, 1897, made upon the motion of the defendants for a readjustment of the costs, and also an appeal by the plaintiff from certain other portions of the same order.

*John P. Wheeler*, for the plaintiff.

*T. B. & L. M. Merchant*, for the defendants.

MERWIN, J.:

On or about the 12th of April, 1894, the plaintiff loaned to the defendant Smith the sum of $150 upon a note made by both defend-

ants, dated that day and payable six months from date with interest. The plaintiff in this action claims that the loan was induced by false and fraudulent representations by the defendants as to their solvency. The action is in fraud and the recovery is on that basis.

The main question at the trial was as to the fraud, and the evidence was, we think, sufficient to sustain the verdict.

The defendants, however, claim that prejudical errors occurred during the trial in rulings upon the admissibility of evidence. Proof was admitted of the entry of judgments against the defendant Johnson both before and after the giving of the note and of the filing of chattel mortgages given by the defendant Smith after the making of the note. Apparently, the proof was given on the subject of the solvency of the parties. From the testimony of the defendants themselves, it is quite clear that at the time the note was given both were, in fact, irresponsible, and, if so, they were not injured by the admission of the record evidence.

Our attention is also called to the admission, in two instances, of certain declarations of the defendant Smith made after the giving of the note, which were objected to as inadmissible as against defendant Johnson. In one instance, however, the witness had previously testified, without objection, to statements of Smith in substantially the same form made at the same, or about the same time. In the other instance, the witness had previously given evidence to the same effect, which was specially received as against Smith only, and it may be reasonably inferred that it was all received with that limitation. In view of the course of the trial, we find, in the rulings referred to, no reversible error. The case was presented to the jury in a fair charge, and no good reason is apparent for reversing the judgment.

The situation as to costs is as follows : There have been two trials of the case. Upon the first trial the plaintiff succeeded, and the defendants appealed to the Appellate Division where the judgment in favor of the plaintiff was reversed and a new trial granted, " costs to abide the event." (4 App. Div. 227.) Upon the second trial the plaintiff again succeeded, and upon the taxation of the plaintiff's costs by the clerk the costs of the first trial and of the appeal were included. The defendants made a motion in the County Court for a readjustment, and in the order made upon that motion, and now

appealed from, the County Court allowed to the plaintiff the costs upon the first trial but disallowed the costs upon the appeal. The defendants claim the County Court erred in allowing to the plaintiff the costs of the first trial, and the plaintiff claims the court erred in disallowing the costs on the appeal.

The plaintiff was entitled to tax the costs of the first trial. (*Howell* v. *Van Siclen*, 8 Hun, 524; affd., 70 N. Y. 595; 4 Abb. N. C. 1; *Isaacs* v. *N. Y. Plaster Work*s, 11 J. & S. 397; *Mott* v. *Consumers' Ice Co.*, 8 Daly, 244.) It was a law action, and the plaintiff was finally successful.

The plaintiff was also entitled to the costs of the appeal. They were made to abide the event. The event is now with the plaintiff. (*Franey* v. *Smith*, 126 N. Y. 658; *Donovan* v. *Vandemark*, 22 Hun, 307; *Herbst* v. *The Vacuum Oil Co.*, 50 N. Y. St. Repr. 555; *Koon* v. *Thurman*, 2 Hill, 357.) The Appellate Division could undoubtedly have limited to the then appellant the costs of the appeal, but it did not do it.

All concurred.

Judgment and order denying motion for a new trial affirmed, with costs.

Order of the County Court as to costs modified by allowing to the plaintiff the items of costs of the first appeal as specified in the plaintiff's notice of appeal, and as modified affirmed, with ten dollars costs and disbursements.