### SMITH v. SMITH et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1897.)

1. HARMLESS ERROR—ADMISSION OF EVIDENCE.
   Record evidence of judgments against defendants, and of the filing of chattel mortgages against them, admitted to show that defendants were insolvent, was harmless, where it was clear from their own testimony they were insolvent.

2. SAME.
   It was harmless error to admit certain declarations of defendant over the objection that it was inadmissible against a co-defendant, where, in one instance, evidence of previous declarations of a similar character, made about the same time, had been admitted without objection, and in another instance evidence to the same effect had been specially received against defendant only, as it may be inferred that it was all received with such limitation.

3. COSTS TO ABIDE RESULT.
   Where, on an appeal by defendants from a first trial, the appellate division granted a new trial, with "costs to abide the event," and plaintiff succeeded on the second trial, he is entitled to the costs of the former trial and also of the appeal.

Appeal from Broome county court.

Action by Nathan C. Smith against Lyman J. Smith and another. From a judgment for plaintiff, and an order denying a nonsuit and portions of an order for a readjustment of costs, defendants appeal, and plaintiff appeals from other portions of the order for readjustment. Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John P. Wheeler, for plaintiff.
T. B. & L. M. Merchant, for defendants.

MERWIN, J. On or about the 12th April, 1894, the plaintiff loaned to the defendant Smith the sum of $150 upon a note made by both defendants, dated that day, and payable six months from date, with interest. The plaintiff in this action claims that the loan was induced by false and fraudulent representations by the defendants as to their solvency. The action is in fraud, and the recovery is on that basis.

The main question at the trial was as to the fraud, and the evidence was, we think, sufficient to sustain the verdict. The defendants, however, claim that prejudicial errors occurred during the trial in rulings upon the admission of evidence. Proof was admitted of the entry of judgments against the defendant Johnson both before and after the giving of the note, and of the filing of chattel mortgages given by the defendant Smith after the making of the note. Apparently, the proof was given on the subject of the solvency of the parties. From the testimony of the defendants themselves it is quite clear that at the time the note was given both were in fact irresponsible, and, if so, they were not injured by the admission of the record evidence. Our attention is also called to the admission in two instances of certain declarations of the defendant Smith made after the giving of the note, and which were objected to as inadmissible as against defendant Johnson. In one instance, however, the witness had previously testified, without objection, to statements of Smith in substantially the same form, made at the same, or about the same, time. In the other instance the witness had previously given evidence to the same effect, which was specially received as against Smith only, and it may be reasonably inferred that it was all received with that limitation. In view of the course of the trial, we find, in the rulings referred to, no reversible error. The case was presented to the jury in a fair charge, and no good reason is apparent for reversing the judgment.

The situation as to costs is as follows: There have been two trials of the case. Upon the first trial the plaintiff succeeded, and the defendants appealed to the appellate division, where the judgment in favor of the plaintiff was reversed, and a new trial granted, "costs to abide the event." 4 App. Div. 227, 38 N. Y. Supp. 551. Upon the second trial the plaintiff again succeeded, and upon the taxation of the plaintiff's costs by the clerk the costs of the first trial and of the appeal were included. The defendants made a motion to the county court for a readjustment, and in the order made upon that motion, and now appealed from, the county court allowed to the plaintiff the costs upon the first trial, but disallowed the costs upon the appeal. The defendants claim the county court erred in allowing to the plaintiff the costs of the first trial, and the plaintiff claims the court erred in disallowing the costs on the appeal. The plaintiff was entitled to tax the costs of the first trial. Howell v. Van Siclen, 8 Hun, 524, affirmed 70 N. Y. 595, 4 Abb. N. C. 1; Isaacs v. Plaster Works, 11 Jones & S. 397; Mott v. Ice Co., 8 Daly, 244. It was a law action, and the plaintiff was finally successful. The plaintiff was also entitled to the costs of the appeal. They were made to abide the event. The event is now with the plaintiff. Franey v. Smith, 126 N. Y. 658, 27 N. E. 559; Donovan v. Vandemark, 22 Hun, 307; Herbst v. Oil Co. (Sup.) 22 N. Y. Supp. 42; Koon v. Thurman, 2 Hill, 357. The appellate division could undoubtedly have limited to the then appellants the costs of the appeal, but did not do it.

Judgment and order denying motion for a new trial affirmed, with costs. Order of county court as to costs modified by allowing to the plaintiff the items of costs of the first appeal, as specified in the plaintiff's notice of appeal, and, as modified, affirmed, with $10 costs and disbursements to plaintiff. All concur.