### SMITH v. LEHIGH VALLEY R. CO.

(Supreme Court, Special Term, Ontario County. April, 1903.)

1. COSTS—NEW TRIAL.

> A judgment for plaintiff was reversed by the Appellate Division unless he reduced it to a sum named, in which case it was affirmed, without costs. A new trial was subsequently ordered by the Court of Appeals, with costs to abide the event. *Held*, that plaintiff, on succeeding therein, and on defendant's appeal to the appellate court, is entitled to the costs of a new trial and of the appeal.

Action by Porter D. Smith, administrator of Amy A. Smith, against the Lehigh Valley Railroad Company. Judgment for plaintiff. Motion for retaxation of costs. Denied.

Bissell, Carey & Cooke, for the motion.
Raines, Miller, Werner & Harris, opposed.

RICH, J. Defendant objects to certain items of costs, on the appeal to the Appellate Division, taxed by the county clerk, and moves for a retaxation.

Upon the first trial of this action the plaintiff obtained a judgment for $10,000. Upon appeal to the Appellate Division (69 N. Y. Supp. 1112) this was reversed, and a new trial ordered, with costs to the defendant to abide the event, unless the plaintiff should stipulate to reduce the verdict to $7,000, in which event the judgment was to be affirmed, without costs to either party. The plaintiff did so stipulate, and judgment of affirmance was entered, without costs to either party. Upon appeal to the Court of Appeals (63 N. E. 338) this judgment was reversed, and a new trial ordered, "with costs to abide the event." As no costs were given plaintiff in the Appellate Division, there was no authority for the taxation, unless they were awarded by the Court of Appeals.

Counsel for defendant calls my attention to Matter of Water Commissioners of Amsterdam, 104 N. Y. 677, 10 N. E. 545, upon which they rely in support of the contention that it was the intention of the

Court of Appeals to limit the recovery of costs to that court only. But in the case of Franey v. Smith, 126 N. Y. 658, 27 N. E. 559, it was held that "costs to abide the event" means all costs of the action up to and including the decision of that court. And that decision is decisive here. Defendant, however, argues that that case is to be distinguished from the present one, in that no costs were awarded plaintiff by the Appellate Division.

But in that case, upon the first trial, judgment · was recovered against defendant, which was affirmed by the General Term, and I must assume that no costs were awarded to defendant upon that appeal. So that we have in that case, as here, no costs awarded to the prevailing party by the intermediate court. The motion must be denied, with $10 costs.

Motion denied, with $10 costs.