(51 Misc. Rep. 230.)

## ADAMS v. MASSEY.

(Supreme Court, Special Term, Jefferson County.   June, 1906.)

Costs—On Appeal.

Defendant appealed from a judgment against him to the Appellate Division, where the judgment was reversed, with costs to defendant to abide the result.   On a subsequent trial judgment was rendered for defendant, and the Court of Appeals reversed that judgment, and granted a new trial, and on a third trial plaintiff recovered judgment.   *Held*, that plaintiff was not entitled to tax the costs of appeal from the first judgment.

Action by Jesse M. Adams against George B. Massey. Judgment for plaintiff was reversed by the Appellate Division, and on retrial judgment rendered for defendant.   Motion by plaintiff to retax costs. Denied.

Affirmed on appeal, see 100 N. Y. Supp. 1103.

E. C. Emerson, for the motion.

H. W. Steele, opposed.

DEVENDORF, J.   Plaintiff recovered a judgment at Special Term. Defendant appealed to the Appellate Division, the judgment was reversed, and new trial ordered, "with costs to the appellant to abide the event."   The case was retried, and judgment rendered in favor of defendant.   Plaintiff appealed to Appellate Division, the judgment was affirmed, and, on plaintiff's appeal therefrom to the Court of Appeals, the judgment was reversed, and a new trial ordered, "costs to abide event."   The case was again tried at Special Term, and judgment rendered therein for the plaintiff.   Plaintiff now seeks to tax costs and disbursements of the first appeal to the Appellate Division.

I have examined the authorities submitted by the respective attorneys very carefully, and have come to the conclusion that the motion for retaxation should be denied.   I do not regard the case of Franey v. Smith, 126 N. Y. 658, 27 N. E. 853, cited by plaintiff's attorney herein, as being in point or controlling.   In that case all decisions of the lower courts were overturned; that is not so in the case under consideration.

The appeal by the defendant from the first judgment resulted in his favor, and the reversal was granted, with costs to the appellant to abide the event.   The case then went back for a new trial, and that decision rendered by the Appellate Division, containing that provision as to the award of costs, was never disturbed or reversed.   It gave costs of that appeal to the appellant to abide the event.   That disposed of that question, unless set aside or modified by further decision.

I do not think that, because the plaintiff obtains a decision of the Court of Appeals, "with costs to abide the event," resulting finally in a judgment in his favor, he is entitled any more to costs of the first appeal, whereon costs to abide event had been awarded against him, and such decision remains unreversed, than he would be to recover motion costs awarded the defendant to abide the event at Special Term during the litigation or progress of the suit.   The plaintiff did not maintain the first judgment which he recovered, and the decision of the

appellate court reversing that judgment was never overturned; and I think the fact that it awarded to the defendant the costs of the review of the first trial, if he finally succeeded in the action, is controlling, so far as the costs of that appeal are concerned.

I am of the opinion, therefore, that the plaintiff is not entitled, under the order of reversal on the first appeal, to tax the costs thereof. This disposition of the question is sustained, as I view it, by the following cases: Howell v. Van Siclen, 8 Hun, 524, affirmed 70 N. Y. 595; Smith v. Smith, 22 App. Div. 319, 47 N. Y. Supp. 987; Belt v. American Cent. Ins. Co., 33 App. Div. 239, 53 N. Y. Supp. 363.

Motion denied, without costs.