(83 Misc. Rep. 176.)

YOUNG v. INGALSBE.

(Supreme Court, Special Term, Washington County. November 29, 1913.)

1. COSTS (§ 244*)—AWARD.

A judgment of the Appellate Division, which directed a judgment in favor of the plaintiff appellant, and provided that, as so modified, "such judgment is hereby affirmed, with costs to the appellant," awarded costs generally to plaintiff, so that he was entitled to all costs on both trials and both appeals, though he was an executor.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 940-946; Dec. Dig. § 244.*]

2. COSTS (§ 244*)—PARTY ENTITLED—SEVERAL APPEALS.

Where, on defendant's first appeal to the Appellate Division, a new trial was granted, with costs to abide the event, and, on plaintiff's appeal in the second trial, judgment was directed for plaintiff, and, as so modified, affirmed, "with costs to appellant," plaintiff was entitled to costs in all of the courts.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 940-946; Dec. Dig. § 244.*]

On defendant's motion to retax costs. Motion denied.

See, also, 138 App. Div. 587, 122 N. Y. Supp. 707; 151 App. Div. 375, 135 N. Y. Supp. 939.

E. C. Rogers, of Hudson Falls, for plaintiff.
Arnold & Sherman, of Hudson Falls, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BORST, J. Defendant moves at Special Term to retax plaintiff's costs as taxed by the clerk.

Plaintiff had judgment in the trial court. Defendant appealed to the Appellate Division, where there was a reversal, "with costs to abide the event." A new trial was had, resulting in a judgment in favor of the defendant. Plaintiff appealed to the Appellate Division, where judgment was "directed in favor of the plaintiff and appellant against the defendant respondent for the sum of $50, and, as so modified, said judgment is hereby affirmed, with costs to appellant." Plaintiff taxed the costs of the first trial and of the appeal to the Appellate Division; also the cost of the second trial and of that appeal to the Appellate Division.

Defendant objects to each of the items of costs taxed. It is urged in the brief submitted on his behalf that, as defendant was an executor, costs were not taxable against him, and that defendant succeeded on several of the claims of plaintiff, and is therefore entitled to costs against the plaintiff.

[1] The difficulty with these contentions of the defendant is that this court is foreclosed by the last decision of the Appellate Division, wherein it says: "Said judgment is hereby affirmed, with costs to the appellant." This leaves the amount of costs only in question. Is plaintiff entitled to any further costs than those of the last appeal to the Appellate Division? If defendant desired to raise the question as to the plaintiff's right to costs, because he (defendant) was an executor, and as to his right to costs because he succeeded on some of the issues, he should have presented his contention to the Appellate Division. That court by the language used clearly expressed an intent to deal with the whole subject and award costs generally to the plaintiff, and this would seem to carry full costs.

The case of Matter of Hood, 30 Hun, 472, seems to be decisive of the case here presented. There the court said:

"While it may be assumed that, when an appellate court awards costs, the effect is to include costs of such court only, yet if it assumes to deal with the whole subject, and wipes out and reverses the judgment or decree appealed from, with costs, that includes all the costs of all the inferior courts."

[2] On the first appeal to the Appellate Division a new trial was granted, with costs to abide the event. By the decision of the Appellate Division on the second appeal to that court the event is with plaintiff, and costs go to him in all the courts. Smith v. Smith, 22 App. Div. 319, 47 N. Y. Supp. 987; Howell v. Van Siclen, 8 Hun, 524. No question is raised against specific items of the costs taxed by plaintiff, but only to the right of plaintiff to costs generally.

The motion for retaxation of costs is therefore denied.